No. 25-14507

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

United States of America,

*Plaintiff–Appellee*,

v.

Knight First Amendment Institute at Columbia University; American Oversight,

*Interested Parties–Appellants,*

Donald J. Trump; Waltine Nauta; Carlos de Oliveira,

*Defendants–Appellees.*

On appeal from the United States District Court for the
Southern District of Florida — No. 9:23-cr-80101-AMC
(Judge Aileen M. Cannon)

## APPELLANT KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY'S MOTION TO EXPEDITE APPEAL

David Buckner
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables, FL 33134
(305) 964-8003

Scott Wilkens
Jameel Jaffer
Alex Abdo
Knight First Amendment Institute at
 Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Appellant Knight First
 Amendment Institute at Columbia
 University*

# Certificate of Interested Persons
# and Corporate Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellant Knight First Amendment Institute at Columbia University certifies that the following have an interest in the outcome of this appeal.

1. Abdo, Alex
2. American Oversight
3. Buckner & Miles, P.A.
4. Buckner, David
5. Cannon, Hon. Aileen
6. De Oliveira, Carlos
7. E & W Law
8. Gelber Schachter & Greenberg, P.A.
9. Haddix, Elizabeth
10. Irving, John
11. Jaffer, Jameel
12. Kim, Noah
13. Klugh Jr., Richard
14. Knight First Amendment Institute at Columbia University

15. Llanes, Barbara

16. Murrell Jr., Larry

17. Nauta, Waltine

18. O'Byrne, Haden

19. Porter, Michael

20. Reboso, Manolo

21. Schachter, Adam

22. Stark, Loree

23. Trump, Donald

24. Wharton, Kendra

25. Wilkens, Scott

    The Knight First Amendment Institute at Columbia University further certifies that it has no parent corporation and that no publicly held corporation owns 10 percent or more of its stock.

                                             */s/ Scott Wilkens*
                                             Scott Wilkens

## MOTION TO EXPEDITE APPEAL

Pursuant to 28 U.S.C. § 1657(a), Federal Rule of Appellate Procedure 27, and Eleventh Circuit Rule 27-1 Internal Operating Procedure 3, Appellant Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute"), moves for expedited consideration of this appeal from the Order issued on December 22, 2025 by the U.S. District Court for the Southern District of Florida. *See* D. Ct. ECF No. 760.[1]

The Knight Institute respectfully proposes the following expedited briefing schedule:

February 9, 2026: Opening Briefs for Appellants

March 2, 2026: Response Briefs for Appellees

March 9, 2026: Reply Briefs for Appellants

The Knight Institute also requests that the Court set this matter for oral argument at its earliest convenience, whether that be on the first available calendar after the end of the expedited briefing schedule or at a special sitting.

Appellant American Oversight consents to and joins in the request for relief in this motion. American Oversight does not join the motion in full because it sought to intervene in the district court on narrower grounds.

---

[1] "D. Ct. ECF" citations refer to the district court's docket, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. June 8, 2023).

1

Plaintiff-Appellee the United States and Defendants-Appellees Walt Nauta, Carlos De Oliveira, and Donald Trump oppose the relief sought in this motion.

## PRELIMINARY STATEMENT

This appeal concerns the Knight Institute's statutory, common law, and constitutional rights of access to a document of singular importance to an ongoing and national debate about the character and actions of the President. The "good cause" standard for an expedited appeal is amply satisfied here.

At issue is the public right of access to Volume II of Special Counsel Jack Smith's final report on his investigations and prosecutions of President Trump. Volume II addresses the Special Counsel's investigation and prosecution of then-former President Trump and his associates, Walt Nauta and Carlos De Oliveira, for the alleged unlawful retention of classified documents after Trump left office in January 2021 ("Classified Documents Case"). Although the Special Counsel submitted his final report to the Attorney General on January 7, 2025, Volume II has never been made public.

On February 24, 2025, the Knight Institute sought to intervene in the Classified Documents Case in order to secure the prompt release of Volume II. D. Ct. ECF No. 721. The Institute argued that the public has a First Amendment and common law right of access to the copy of Volume II in the district court's files—a copy the court requested and obtained from the Department of Justice (DOJ) in mid-

January 2025 and expressly relied on in its January 21, 2025 decision granting Nauta and De Oliveira's motion to enjoin the release of Volume II to anyone outside the Department ("the Injunction"). *Id.* at 11–17. The Knight Institute also challenged the district court's justification for keeping the Injunction in place after this Court had dismissed the criminal case against Nauta and De Oliveira on February 11, 2025. *Id.* at 9–11. DOJ has cited to the Injunction as grounds for denying the Knight Institute's request for Volume II under FOIA. *Id*. The district court denied the Knight Institute's motion to intervene. D. Ct. ECF No. 760 (the "Order").

As the Institute will explain in greater detail in its briefing on the merits, the district court was wrong to reject the Institute's intervention motion. The court held that the copy of Volume II it reviewed *in camera* in deciding Nauta and De Oliveira's motion is not a "judicial record" subject to the public right of access, because no party filed it on the docket in connection with the motion. *Id.* at 15–17. However, this Court has defined judicial records as "materials submitted by litigants—whether or not they are formally filed with the district court—that are integral to judicial resolution of the merits of any action taken by that court . . . ." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019) (citation omitted). The district court also reasoned that because Volume II contains references to nonpublic discovery material, it must be treated like an attachment to a pretrial discovery motion, exempting it from the public right of access. D. Ct. ECF

3

No. 760 at 16–17. But Nauta and De Oliveira's motion is not a discovery motion, and Volume II was not part of the Rule 16 discovery process. It is the final report of the Special Counsel's investigation and prosecution of the Classified Documents Case, as required by the Special Counsel regulations. *See* 28 C.F.R. § 600.8. In any event, discovery materials in criminal cases become subject to a presumptive right of access once they are submitted to and used by the court in adjudicating a substantive motion. *See Advance Local Media,* 918 F.3d at 1167–68.[2]

The court was also incorrect to deny the Knight Institute leave to intervene to protect its rights under FOIA. The court reasoned that no other court had allowed intervention in a criminal case for this purpose, and it wrote that allowing intervention here would defy "judicial caution against expansion of non-party intervention in criminal cases." D. Ct. ECF No. 760 at 8, 12–14. But that reasoning misinterprets this Court's precedents and disregards authorities from within this Circuit holding that intervention in a criminal case, although rare, is proper when "a third party's constitutional or other federal rights are implicated by the resolution of

---

[2] Notably, because of their unique nature, *Brady* materials turned over by the prosecution to the defense in discovery are subject to a presumptive right of access even if they are submitted to the court only in connection with a discovery motion. *See United States v. Wecht*, 484 F.3d 194, 209–10 (3d Cir. 2007) (explaining that "obligations under *Brady* are governed not by rules of procedure but by the Constitution," and "*Brady* materials, unlike civil discovery, are turned over by the government to the defense during its prosecution of alleged criminals on behalf of the public").

4

a particular motion, request, or other issue during the course of a criminal case." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004). "The intervenor must have an important right at stake, either in a representative capacity (*i.e.*, the press) or in a personal privilege or interest, and that right must be significant enough for society to value and protect." *United States v. Cox*, No. 14-CR-140, 2015 WL 13741738, at *3 (M.D. Fla. Oct. 7, 2015). The Knight Institute's right under FOIA to seek the release of Volume II satisfies these requirements.

There is good cause to expedite this appeal. The common law and constitutional rights of access to judicial records encompass a right to *prompt* adjudication of access motions, in recognition of the fact that the postponement of disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression. The need for expedition is heightened by the extraordinary significance to the public of the record being suppressed here, a record whose disclosure would shed light both on the scope and integrity of the Special Counsel's investigation and on the character and actions of the nation's highest official. Expedited appellate proceedings are especially warranted here because, as this Court has already recognized, the district court's adjudication of the Institute's intervention and access motion was "unduly delayed."[3]

---

[3] Shortly after denying the Knight Institute's motion to intervene, the district court issued an order acknowledging that the "immediate basis" for the Injunction ceased to exist on February 11, 2025, when this Court dismissed the criminal appeal as to

5

## BACKGROUND

On January 7, 2025, Special Counsel Jack Smith submitted a two-volume final report to Attorney General Merrick Garland regarding the Special Counsel's investigations and prosecutions of President Trump.[4] Volume I addresses the investigation and prosecution of the President for his alleged interference with the lawful transfer of power following the 2020 presidential election.[5] Volume II, which is the focus of this appeal, addresses the Special Counsel's investigation and prosecution of then-former President Trump and his associates, Walt Nauta and Carlos De Oliveira, for the alleged unlawful retention of classified documents at the Mar-a-Lago Club after Trump left office.[6] Attorney General Garland released Volume I to the public on January 14, 2025.[7] Volume II has never been made public.

---

Nauta and De Oliveira. D. Ct. ECF No. 761. The order provided that the Injunction will automatically expire on February 24, 2026, absent further order of the court. *Id.* at 2. However, there is no reason to believe that the Injunction will, in fact, expire on that date. The district court invited the parties and President Trump to seek "appropriate relief" from the court before that deadline, and specifically referred to their position that Volume II should not be released because it is the work product of an unconstitutionally appointed Special Counsel. *Id.* at 1–2.

[4] Letter from Special Couns. Jack Smith, to Att'y Gen. Merrick Garland, Re: Final Report of the Special Counsel Under 28 C.F.R. § 600.8 (Jan. 7, 2025), available at https://perma.cc/8SWU-PKL7.

[5] *Id.*

[6] *Id.*

[7] Alan Feuer, *Four Takeaways From the Special Counsel's Report on the Trump Election Case*, N.Y. Times (Jan. 14, 2025), https://perma.cc/PT99-YFZL

On January 6, 2025, the day before the Special Counsel transmitted his report to the Attorney General, Nauta and De Oliveira filed an emergency motion in the U.S. District Court for the Southern District of Florida, where the criminal charges against them were still pending, to enjoin DOJ from releasing the report to anyone outside the Department. D. Ct. ECF No. 679. In their motion, Nauta and De Oliveira argued that DOJ's disclosure of the Special Counsel's report to the public or even to select members of Congress would prejudice their fair trial rights. *Id.*[8]

On January 7, 2025, the district court temporarily enjoined DOJ from releasing Volume II to anyone outside the Department. D. Ct. ECF No. 682. The court ordered expedited briefing on the emergency motion and ordered the government to hand deliver a copy of Volume II to the judge's chambers for *in camera* review. D. Ct. ECF No. 705. On January 21, 2025, following "a hearing and review of all relevant filings, including an *in camera* review of Volume II itself," the court granted Nauta and De Oliveira's emergency motion and enjoined the release of Volume II, based on the court's conclusion that public dissemination of Volume II would imperil their rights to a fair trial in the then-ongoing criminal proceedings against them. D. Ct. ECF No. 714 at 2. In issuing the injunction, the court relied on

---

[8] The charges against President Trump had been dismissed after he won reelection in November 2024. *United States v. Trump,* No. 24-12311, ECF No. 81-2 (11th Cir. Nov. 26, 2024).

its "supervisory powers" "'to remedy violations of recognized rights, to protect the integrity of the federal courts, and to deter illegal conduct by government officials.'" *Id.* at 7 (quoting *United States v. DiBernardo*, 775 F.2d 1470, 1475–76 (11th Cir. 1985)).

The Knight Institute has sought public disclosure of Volume II through two separate legal processes.

First, on January 26, 2025, the Institute sought public disclosure of the report through a FOIA request. D. Ct. ECF No. 721, Ex. 1. DOJ denied the request, however, and it later reaffirmed its denial after an administrative appeal, asserting that the injunction in this case barred the Department from releasing the report. *Id.*, Ex. 2.[9]

Second, on February 24, 2025, the Institute filed a motion to intervene in Nauta and De Oliveira's criminal case for the purpose of seeking (1) public access to the copy of Volume II in the district court's files based on the constitutional and common law rights of access to judicial records, and (2) rescission of the district court's injunction against disclosure of the report. D. Ct. ECF No. 721. In support of the public right of access to Volume II, the Institute argued that the copy of Volume II in the district court's files was a judicial record subject to a presumptive right of

---

[9] *DOJ's Response to Knight Institute's Administrative Appeal* (June 20, 2025), https://perma.cc/27MM-2CZG.

8

access under the First Amendment and the common law, and that there was no countervailing interest sufficient to overcome the presumption. *Id.* at 11–17. In support of rescinding the injunction, the Institute argued that the original basis for the injunction had evaporated when this Court, on February 11, 2025, dismissed the criminal case against Nauta and De Oliveira. *Id.* at 10, 13–14. That dismissal, the Institute argued, effectively eliminated any risk that disclosure of the report would prejudice Nauta's and De Oliveira's rights to a fair trial. *Id.*

On September 30, 2025, more than six months after the Knight Institute filed its motion to intervene, the Institute petitioned this Court for a writ of mandamus directing the district court to fully resolve the motion to intervene without further delay. *In re: Knight Inst. at Columbia Univ.*, No. 25-13403, ECF No. 1 (11th Cir. Sep. 30, 2025). This Court found that the Institute had established "undue delay" in the resolution of its motion but held the mandamus petition "in abeyance for a period of 60 days to allow the district court to fully resolve the motion[]." *Id.*, ECF No. 11.

On December 22, 2025, just a few days before the expiry of the 60-day period, the district court denied the Knight Institute's motion to intervene. D. Ct. ECF No. 760. The court held that the copy of Volume II it reviewed *in camera* in deciding Nauta and De Oliveira's motion is not a judicial record subject to the public right of access, because no party attached Volume II to Nauta and De Oliveira's motion or any other substantive motion for judicial relief, and because Volume II contains

9

"myriad references" to "nonpublic discovery information" and thus should be treated like attachments to discovery motions, which are exempt from the public right of access. *Id.* at 15–17 & n.13. The court also held that the Institute could not intervene to vindicate its rights under FOIA, because no court has allowed intervention in a criminal case for that purpose, and allowing intervention here would "disregard[] the limits of intervention in criminal cases; and risk[] havoc in criminal proceedings through FOIA-interested parties." *Id.* at 14.

## ARGUMENT

This case warrants expedited consideration because it concerns the statutory, common law, and constitutional rights of timely access to a document of extraordinary significance to an ongoing and national debate about the character and actions of the President. The "good cause" standard for expedition is amply satisfied here. 11th Cir. Rule 27-1 IOP 3; 28 U.S.C. § 1657(a).

The FOIA, the common law, and the First Amendment all guarantee a right of timely access to records that fall within their scope. The First Amendment, for example, guarantees a right of *contemporaneous* access to judicial documents, because "the public benefits attendant with open proceedings are compromised by delayed disclosure." *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). Access must be "immediate and contemporaneous" to fulfill the values that animate the access right—promoting community respect for the rule of law, providing a check

on the activities of judges and litigants, and fostering more accurate fact finding. *In re Associated Press*, 162 F.3d 503, 506–07 (7th Cir. 1998) (internal quotation marks omitted). Given that "[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment." *Doe v. Pub. Citizen*, 749 F.3d at 272, the right of timely access to judicial documents necessarily encompasses a right to timely adjudication of access claims, *see id.; Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006).

These principles are especially important here. Volume II addresses allegations of grave criminal conduct by the nation's highest official, and its disclosure would shed light on the President's actions and character. The disclosure of the report would also shed light on the scope and integrity of the Special Counsel's investigation, which is a matter of intense public and congressional interest.[10] (Notably, last month, at a closed-door deposition before the House Judiciary Committee, Smith declined to answer questions about the Classified Documents Case, citing the district court's Injunction.)[11] The report's release would also inform

---

[10] Glenn Thrush and Alan Feuer, *House Republicans Press Jack Smith Over Investigations Into Trump*, N.Y. Times (Dec. 17, 2025), https://perma.cc/L97X-8GLX; *Amicus Curiae* Brief for Nineteen (19) Members of the House Judiciary Committee, *United States v. Trump*, 9:23-cr-80101-AMC (S.D. Fla.), https://perma.cc/N7RA-WCJ6.

[11] Glenn Thrush, *In Hearing Transcript, Jack Smith Defends Decision to Indict Trump*, N.Y. Times (Dec. 31, 2025), https://perma.cc/5ENV-4WFX.

11

the public about the Justice Department's understanding of the Espionage Act, a statute with broad implications for free speech and press freedom.

This Court's grant of mandamus relief reinforces the need for an expedited appeal. The Court found "undue delay" in the district court's resolution of the Knight Institute's motion to intervene. *In re: Knight Institute*, No. 25-13403, ECF No. 11. At that time, the Institute's motion had been pending for more than six months. The motion had been pending for more than eight months when the district court finally issued its decision. Against that background, expedited appellate proceedings are especially warranted.

Finally, expedited treatment is appropriate because this appeal presents legal questions that were fully briefed in the district court, and because the factual record is not complicated. *Cf., e.g.*, *Trump v. United States*, No. 22-13005, 2022 WL 4366684 (11th Cir. 2022), Dkt 36, 38 (granting motion for an expedited appeal where movant's principal grounds for seeking expedition were that the appeal "d[id] not require the parties or the Court to analyze an extensive factual record," and the case presented questions of law that "the parties ha[d] already briefed").

## PROPOSED SCHEDULE

The Knight Institute respectfully proposes the following expedited briefing schedule:

February 9, 2026: Opening Briefs for Appellants

March 2, 2026: Response Briefs for Appellees

March 9, 2026: Reply Briefs for Appellants

This schedule would afford the Knight Institute and American Oversight 31 days from the present to submit their opening briefs; would afford Appellees 21 days to submit their responses; and would afford the Knight Institute and American Oversight 7 days to submit their replies.

The Knight Institute also requests that the Court set this matter for oral argument at its earliest convenience, whether that be on the first available calendar after the end of the expedited briefing schedule or at a special sitting.

Appellant American Oversight consents to and joins in the request for relief in this motion. American Oversight does not join the motion in full because it sought to intervene in the district court on narrower grounds.

Counsel for the Knight Institute has conferred with counsel for Appellees United States, Nauta, De Oliveira, and Trump, who stated that Appellees oppose the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, good cause exists to expedite this appeal. Accordingly, the Knight Institute respectfully requests expedited treatment.

January 9, 2026                              Respectfully submitted,

13

| | |
|---|---|
| David Buckner<br>Buckner + Miles<br>2020 Salzedo Street<br>Suite 302<br>Coral Gables FL 33134<br>(305) 964-8003 | /s/ *Scott Wilkens*<br>Scott Wilkens<br>Alex Abdo<br>Jameel Jaffer<br>Knight First Amendment Institute at<br>   Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-8500<br>scott.wilkens@knightcolumbia.org<br><br>*Counsel for Appellant Knight First*<br>   *Amendment Institute at Columbia*<br>   *University* |

14

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 3,254 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: January 9, 2026                                           */s/ Scott Wilkens*
                                                                               Scott Wilkens

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system. Appellees' counsel was also notified of this motion by email.

Dated: January 9, 2026  */s/ Scott Wilkens*
Scott Wilkens