No. 25-14507-AA

In the United States Court of Appeals
for the Eleventh Circuit

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN
OVERSIGHT,

Interested Parties-Appellants,

DONALD J. TRUMP, WALTINE NAUTA, and
CARLOS DE OLIVEIRA

Defendants-Appellees.

---

On Appeal from the United States District Court for the
Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

---

**DEFENDANTS-APPELLEES' RESPONSE
IN OPPOSITION TO APPELLANT'S MOTION
TO EXPEDITE APPEAL**

---

Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
*Counsel for Defendant-Appellee
Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
*Counsel for Defendant-Appellee
Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee
President Donald J. Trump*

*USA v. Knight First Amendment Institute at Columbia Unive, et al,*
*No. 25-14507-AA*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-2, the undersigned hereby certifies that, in addition to the persons and entities identified in the Certificates of Interested Persons filed by Appellant Knight First Amendment Institute at Columbia University on January 9, 2025, and Appellant American Oversight on January 12, 2026, the following persons and entities have an interest in the outcome of this case or appeal:

1. Fein, Ronald A.

2. Llanes, Barbara R.

3. Siblesz, Alessandra M.

Dated: January 16, 2026                Respectfully submitted,

/s/ Kendra L. Wharton
Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com

*Counsel for Defendant-Appellee*
*President Donald J. Trump*

C-1 of 1

**DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO EXPEDITE APPEAL**

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, Defendants-Appellees President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through the undersigned counsel, hereby respectfully submit this Response in Opposition to Knight First Amendment Institute at Columbia University's ("Knight Institute") Motion to Expedite Appeal.

Knight Institute seeks to expedite this appeal from the District Court's December 22, 2025, order denying Appellants' motions to intervene in the closed criminal case, *United States v. Trump*, No. 23 Cr. 80101 (S.D. Fla.). Knight Institute requests that the Court schedule briefing to conclude by March 9, 2026, and set this matter for oral argument at its "earliest convenience." Knight Institute's requested schedule should be denied, as it has failed to demonstrate good cause as required by this Court's Internal Operating Procedures and 28 U.S.C. § 1657(a).

For these reasons, and as further explained in this response, Defendants-Appellees respectfully request that the Court deny Knight Institute's motion for expedited appeal and maintain the existing briefing schedule.

## BACKGROUND

On December 22, 2025, the United States District Court for the Southern District of Florida denied the motions to intervene filed by Knight Institute and American Oversight in the closed criminal case against President Trump, Waltine Nauta, and Carlos De Oliveira. D. Ct. Doc. 760.[1] Knight Institute and American Oversight sought to intervene in the criminal case to cause the public release of Volume II of Jack Smith's so-called "Final Report," regarding his unlawful investigation and prosecution in the Southern District of Florida. *See* D. Ct. Docs. 717 (seeking dissolution of the District Court's January 21, 2025, order barring release) & 721 (seeking rescission of the January 21, 2025, order and public release of Volume II).

The District Court correctly denied Appellants' motions to intervene on two primary grounds: first, that American Oversight and Knight Institute lacked any basis to intervene in this closed criminal case to assert statutory Freedom of Information Act ("FOIA") interests; and second, that they lack any basis to intervene where the document at issue is not a "judicial record" subject to the public right of access under common law and the First Amendment. D. Ct.

---

[1] "D. Ct. Doc." citations refer to the District Court's docket in the underlying criminal case, *United States v. Trump*, No. 23 Cr. 80101 (S.D. Fla.). "11th Cir. Doc." citations refer to the docket in this appeal, *United States v. Knight First Amendment Instit. at Columbia Univ., et al*, No. 25-14507 (11th Cir.).

2

Doc. 760 at 12-18.[2]  Knight Institute and American Oversight filed their respective notices of appeal on December 23, 2025, and December 29, 2025, and their appeals were docketed on December 31, 2025.  11th Cir. Docs. 1 & 2.

On January 9, 2026, Knight Institute filed its Motion to Expedite Appeal, requesting a compressed briefing schedule with opening briefs due February 9, 2026, response briefs due March 2, 2026, and reply briefs due March 9, 2026, and requesting that oral argument be scheduled at the Court's "earliest convenience" (whether that be on the first available calendar after the proposed briefing schedule or at a special sitting).  11th Cir. Doc. 10 at 12-13.[3]  Defendants-Appellees indicated their opposition to the expedited schedule.  *Id.* at 13.  On January 13, 2026, the Clerk of Court issued a briefing notice indicating that opening merits briefs are due in the normal course on February 23, 2026, response briefs are due within 30 days of Appellants' last brief, and reply briefs are due within 21 days of Appellees' last brief.  11th Cir. Doc. 24 at 1.

---

[2] The District Court separately ruled that the January 21, 2025, order will automatically expire on February 24, 2026.  D. Ct. Doc. 761.

[3] Appellant American Oversight consented to and joined in Knight Institute's request for expedited appeal.  *See* 11th Cir. Doc. 10 at 1.

3

## ARGUMENT

A party seeking to expedite an appeal must demonstrate "good cause." 11th Cir. Rule 27-1 I.O.P 3; 28 U.S.C. § 1657(a); *see also* 11th Cir. R. 34-4(f) ("The court may, on its own motion or for good cause shown on motion of a party, advance an appeal for hearing and prescribe an abbreviated briefing schedule."). For the purposes of obtaining priority consideration under 28 U.S.C. § 1657(a), Congress has provided that "good cause" is found only where: (1) a claim of right arises "under the Constitution of the United States or a federal statute," and (2) it arises "in a factual context that a request for expedited consideration has merit." *Ont. Forest Indus. Assoc. v. United States*, 444 F. Supp. 2d 1309, 1319 (C. Int'l Trade 2006).[4] Knight Institute has failed to make this required showing.

Knight Institute's asserted constitutional and statutory rights of access to Volume II are without legal merit. Applying settled law, the District Court correctly determined that Volume II is not a "judicial record" subject to the public right of access under common law and the First Amendment. D. Ct.

---

[4] This definition does not exempt FOIA cases from the requirement that, to expedite, the requesting party "must show facts that merit expedition." *Knuckles v. Dep't of the Army*, 2015 U.S. Dist. LEXIS 174970, at *3 (S.D. Ga. Dec. 21, 2015) (citing *Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485, 486 (C.D. Cal. 1994)).

Doc. 760 at 15-18. Volume II was never filed on the District Court's docket, was never attached to any substantive motion, and was never admitted into evidence. *Id*. at 15-16. The District Court's *in camera* review of Volume II did not transform it into a judicial record. *Id*. at 16-17. The District Court also correctly denied intervention based on Appellants' asserted FOIA rights. *Id*. at 12-14 (observing that, if Appellants' theory was accepted, *anyone* seeking records through FOIA could obtain party status in a criminal case solely to pursue that FOIA interest). Accordingly, Knight Institute's appeal does not implicate any constitutional or statutory right within the meaning of 28 U.S.C. § 1657(a).

Even if Knight Institute somehow could articulate a cognizable right within the meaning of 28 U.S.C. § 1657(a), which it cannot, Knight Institute has not shown that its asserted right would be impaired without an expedited appeal. Under the standard briefing schedule established by the Eleventh Circuit's January 13, 2026, briefing notice, Appellants' opening merits briefs are due by February 23, 2026, with response and reply briefs due in the ordinary course thereafter. 11th Cir. Doc. 24 at 1; 11th Cir. R. 31-1(a). Knight Institute, by contrast, seeks to compress the schedule such that briefing would conclude by March 9, 2026—a difference of approximately only 37 days.

This matter, however, bears no resemblance to a time-sensitive appeal. *Cf. Arthur v. King*, 500 F.3d 1335, 1337 (11th Cir. 2007) (Court granted death row

5

inmate's motion for expedited briefing and stay of execution pending appeal); *Banks v. Sec'y of Health and Hum. Servs.*, No. 2021 WL 3138562, at *4 n.5 (11th Cir. July 26, 2021) (motion for expedited appeal granted in light of plaintiff's terminal health condition). Other than a generalized claim to the "prompt" release of Smith's *ultra vires* work product, 11th Cir. Doc. 10 at 2, 5, Knight Institute has not identified any concrete prejudice that it would suffer under the Court's normal briefing schedule.[5] Without any such harm, there is no basis to find "good cause" to depart from the Court's ordinary briefing procedures. *See, e.g., Keeping Gov't Beholden, Inc. v. DOJ*, 2017 U.S. Dist. LEXIS 198615, at *4 (D.D.C. Dec. 1, 2017) ("Plaintiff here has not made any similar showing of significant need, much less the kind of *urgent* need that could possibly justify this Court's application of section 1657(a) . . . ." (emphasis in original)).

## CONCLUSION

For the foregoing reasons, Defendants-Appellees respectfully request that this Court deny Knight Institute's Motion to Expedite Appeal.

---

[5] Appellees, in contrast, would be denied more than a week of briefing. *See Vianello v. City of Prairie Vill.*, 2025 U.S. Dist. LEXIS 149236, at *5 (D. Kan. Aug. 4, 2025) ("It is not true that Plaintiff would suffer no damage from expediting deadlines. Plaintiff would be denied an extra week of briefing on this dispositive motion.").

Dated:     January 16, 2026

By: /s/ Kendra L. Wharton
Kendra Wharton
Fla. Bar No. 1048540
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com

*Counsel for Defendant-Appellee President Donald J. Trump*

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com

*Counsel for Defendant-Appellee Carlos De Oliveira*

/s/ Richard C. Klugh
Richard C. Klugh
Jenny Wilson
LAW OFFICE OF RICHARD C. KLUGH
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
jenny@klughwilson.com

*Counsel for Defendant-Appellee Waltine Nauta*

7

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPESTYLE REQUIREMENTS

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d), 32(a), and 32(g), that the foregoing response is proportionately spaced, has a typeface of 14 points, and contains 1,357 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

January 16, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton

## CERTIFICATE OF SERVICE

    I, Kendra L. Wharton, counsel for Defendant-Appellant President Donald J. Trump and a member of the Bar of this Court, certify that, on January 16, 2026, the attached response was filed through the Court's electronic filing system. I certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

January 16, 2026

                                                 By:   <u>/s/ Kendra L. Wharton</u>
                                                             Kendra L. Wharton