**No. 25-14507**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

United States of America,

*Plaintiff-Appellee*,

v.

Knight First Amendment Institute at Columbia University*,* American Oversight,

*Interested Parties-Appellants*

Donald J. Trump; Waltine Nauta; Carlos de Oliveira,

*Defendants-Appellees.*

On Petition from the United States District Court
for the Southern District of Florida

No. 9:23-cr-80101-AMC

## OPENING BRIEF OF APPELLANT AMERICAN OVERSIGHT

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
Tel: (304) 913-6114
loree.stark@americanoversight.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue, Ste. 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Attorneys for Interested Party-Appellant American Oversight*

## Certificate of Interested Persons and
## Corporate Disclosure Statement

Pursuant to Eleventh Circuit Rule 26.1-1, counsel of record for American Oversight certifies that the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case or this appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

1.    American Oversight, Appellant/Prospective Intervenor

2.    Blanche, Todd, counsel for former Defendant and amicus curiae President Donald J. Trump

3.    Bove, Hon. Emil, counsel for former Defendant and amicus curiae President Donald J. Trump

4.    Cannon, Hon. Aileen, Judge of the United States District Court, Southern District of Florida

5.    Buckner, David M., counsel for Prospective Intervenor Knight Institute

6.    De Oliveira, Carlos, former Defendant

7.    Diakun, Anna, counsel for Prospective Intervenor Knight Institute

8.    Delgado, Jorge, counsel for the United States of America

9.    Fein, Ronald, counsel for Appellant/Prospective Intervenor American Oversight

10.    Haddix, Elizabeth, counsel for Appellant/Prospective Intervenor American Oversight

11.    Irving, IV, John S., counsel for Defendant De Oliveira

12.    Jaffer, Jameel, counsel for Prospective Intervenor Knight Institute

13.    Klugh, Richard C., counsel for Defendant Waltine Nauta

14.    Knight First Amendment Institute, Prospective Intervenor

15.    Llanes, Barbara, counsel for Appellant/Prospective Intervenor American Oversight

16.    Martinez, Daniel, counsel for Appellant/Prospective Intervenor American Oversight

17.    Murrell, Jr., Larry Donald, counsel for former Defendant De Oliveira

18.    Nauta, Waltine, former Defendant

19.    Porter, Michael D., counsel for the United States of America

20.    Reboso, Manolo, counsel for the United States of America

21.    Schachter, Adam, counsel for Appellant/Prospective Intervenor American Oversight in the below proceedings

22.    Smachetti, Emily, counsel for the United States of America

23.    Stark, Loree, counsel for Appellant/Prospective Intervenor American Oversight

24.    Trump, President Donald J., former Defendant/amicus curiae

25.    United States Department of Justice

26.    Wharton, Kendra, counsel for Defendant and amicus curiae President Donald J. Trump

27.    Wilkens, Scott, counsel for Prospective Intervenor Knight Institute

28.    Wilson, Jenny, counsel for former Defendant Waltine Nauta

*/s/ Loree Stark*
Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
Tel: (304) 913-6114
loree.stark@americanoversight.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue, Ste. 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Attorneys for Interested Party-Appellant American Oversight*

**Statement Regarding Oral Argument**

Because of the unusual nature of the injunction in the proceedings below, the order provisionally modifying that injunction, and the continued potential impact on Appellant's federal rights to access to public records, Appellant respectfully requests oral argument, which it believes will assist the Court in resolving the issues presented in this appeal.

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement.................C-1

Statement Regarding Oral Argument ...........................................................................i

Table of Contents .......................................................................................................... ii

Table of Citations ......................................................................................................... iii

Relief Sought....................................................................................................................1

Jurisdictional Statement .................................................................................................1

Statement of the Issues ..................................................................................................1

Preliminary Statement ...................................................................................................2

Statement of the Case .....................................................................................................3

        A.     Prior Proceedings and Proceedings Below.................................3

        B.     American Oversight's FOIA Request and Related Judicial Proceedings....................................................................................7

        C.     Statement or Scope of Review ....................................................8

Argument..........................................................................................................................9

    I.     American Oversight Has a Clear Statutory Right Under FOIA .........10

    II.    American Oversight's Ability to Vindicate Its Federal Rights is Impaired Absent Intervention .............................................................11

    III.   Lack of Precedent Specific to Federal Rights Under FOIA is Not a Basis for Denying American Oversight's Intervention Request ........12

    IV.   Existing Precedent Compels American Oversight's Intervention ......13

Conclusion......................................................................................................................15

Certificate of Compliance with Rule 21(d) and 32(a) ............................................16

# Table of Citations

**Page(s)**

**Cases**

*Am. Oversight v. U.S. Dep't of Just.*,
No. 25-cv-383 (D.D.C. Feb. 10, 2025)...............................................................7, 8

*Assoc. Data Processing Serv. Orgs., Inc. v. Camp*,
397 U.S. 150 (1970) ....................................................................................14

*Davis v. East Baton Rouge Parish School Bd.*,
78 F.3d 920 (5th Cir. 1996) ......................................................................10

*Dow Jones & Co. v. Kaye*,
90 F. Supp. 2d 1347 (S.D. Fla. 2000) ......................................................10

*ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*,
113 F.4th 1312 (11th Cir. 2024).................................................................10

*EEOC v. Eastern Airlines*,
735 F.2d 635 (11th Cir. 1984)......................................................................1

*Gould v. Interface, Inc.*,
153 F.4th 1346 (11th Cir. 2025).................................................................10

*Miller v. Fenton*,
474 U.S. 104 (1985) ..................................................................................8–9

*N.Y. Times Co. v. U.S. Dep't of Just.*,
Case No. 25-cv-562 (S.D.N.Y Jan. 21, 2025) ............................................8

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) ..................................................................................10

*Taylor v. Sturgell*,
553 U.S. 880 (2008) ..................................................................................10

*United States v. Aref*,
533 F.3d 72 (2d Cir. 2008) ........................................................................14

*U.S. v. Carmichael*,
   342 F. Supp. 2d 1070 (M.D. Ala. 2004) ..............................................14

*U.S. v. Couch*,
   906 F.3d 1223 (11th Cir. 2018) ...........................................................1

*U.S. v. Gurney*,
   558 F.2d 1202 (5th Cir. 1977) ......................................................13, 14

*U.S. v. Shamsid-Deen*,
   61 F.4th 935 (11th Cir. 2023) ...........................................................8, 9

*\*U.S. v. Trump*,
   Case No. 23-cr-80101 (S.D. Fla. June 8, 2023) .............3, 4, 5, 6, 7, 10, 11, 12, 13

**Statutes**

5 U.S.C. § 552 ....................................................................................2, 10

18 U.S.C. § 3231 ....................................................................................1

Freedom of Information Act, Pub. L. No. 89–487, 80 Stat. 250 (July 4, 1966) .....10

**Regulations**

28 C.F.R. § 600.9(c) ...............................................................................5

**Other Authorities**

Pet. Writ Mandamus, 25-13400 (11th Cir. Sept. 30, 2025) ................................6, 10

## Relief Sought

American Oversight respectfully requests this Court reverse the district court's December 22, 2025 Order denying American Oversight's motion to intervene.

## Jurisdictional Statement

The district court had jurisdiction of the proceedings below pursuant to 18 U.S.C. § 3231. Under this Circuit's "anomalous rule," this Court has provisional jurisdiction to determine if the district court erred in its denial of Appellant's motion to intervene. *U.S. v. Couch*, 906 F.3d 1223, 1225 (11th Cir. 2018) (citing *EEOC v. Eastern Airlines Inc.*, 735 F.2d 635, 637 (11th Cir. 1984)).

## Statement of the Issues

Whether the district court erred in denying American Oversight's motion to intervene in the proceedings below seeking to dissolve an injunction barring the Department of Justice from releasing Volume II of the Special Counsel's Report, when (1) American Oversight has a statutory right under the Freedom of Information Act to access the non-exempt public information in Volume II, (2) the district court failed to apply existing case law to American Oversight's stated federal interests, and (3) the district court's denial of its motion to intervene means that no party will oppose motions by former defendants to permanently enjoin—and destroy all copies of—a public record of significant import.

## Preliminary Statement

The issue on this appeal is a narrow one – did the district court wrongly deny American Oversight's motion to intervene. The answer to that, American Oversight respectfully submits, is "yes." And this Court's reversal of that wrongful denial is critical because of the important, far-reaching interest at stake that American Oversight seeks to address as intervenor: whether the district court may bar release of—or take any other action regarding—a  government report after the court's legitimate reason for doing so, as well as its jurisdiction, no longer exists.

The document blocked from  disclosure—a report authored by former Special Counsel Jack Smith relating to allegations of President Trump's handling of classified documents following his first term in office ("Volume II")—is of significant public interest, and but for the district court's intervention conditioning its release, would be subject to disclosure (with redactions to protect properly exempted information), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

When American Oversight sought to intervene to have the district court's injunction order barring the release of the report dissolved, the district court denied intervention but provisionally dissolved the injunction effective February 24, 2026. However, the court's order expressly provided that the parties could challenge that

relief. Doc. 761. Not surprisingly, that is exactly what the former defendants have now done. Indeed, two have gone even further and sought to have the report destroyed so that the public will *never* have access to the Special Counsel's findings.

Neither the order provisionally lifting the injunction nor the effort by former defendants to make the injunction permanent and to order the destruction of all copies of the report is directly before this Court. But both are relevant to determining the intervention issue because the nominally adverse party, the United States, is aligned with all three former defendants so that no party, absent intervention, will resist the effort to bury or destroy Volume II. It is critical that American Oversight be permitted to intervene in the district court to vindicate its federal rights, and to assure that the facts and historical record will be preserved.

## Statement of the Case

### A.    Prior Proceedings and Proceedings Below

In June 2023, U.S. Department of Justice ("DOJ") then-Special Counsel Jack Smith filed the grand jury's indictment of Donald Trump related to mishandling of classified documents, obstructing justice, and making false statements. *United States v. Trump*, Case No. 23-cr-80101 (S.D. Fla. June 8, 2023). On July 15, 2024, the district court entered an Order dismissing superseding criminal indictments charging then-presidential nominee Trump and co-defendants Waltine Nauta and Carlos De Oliveira on multiple criminal offenses relating to alleged mishandling of classified

national defense documents. Doc. 672. On November 25, 2024, the government filed

an unopposed motion to dismiss its appeal against then-President-elect Trump. App.

Doc. 79. This Court granted that motion and dismissed the appeal the following day,

ending the case against then-President-elect Trump. App. Doc. 81.

On January 6, 2025, defendants Nauta and De Oliveira filed an emergency

motion in the district court seeking to preclude the government from releasing the

entirety of the Special Counsel's Report, including Volume II. Doc. 679. On January

13, 2025, the district court denied the motion as to Volume I, noting that Volume I

was unrelated to the district court's proceedings, Doc. 697 – Pgs. 2–3, but

temporarily enjoined the release of Volume II. Thereafter, on January 21, 2025, the

district court entered an order enjoining the government from releasing Volume II

pursuant to the court's duty to "safeguard the due process rights of the accused,"

stating Volume II "contains voluminous and detailed Rule 16 discovery about the

allegations in this criminal case, which remains pending on appeal as to Defendants

Nauta and De Oliveira." Doc. 714 – Pgs. 2–3. The Injunction contained no date on

which the injunction would terminate. *Id.* Eight days after the district court entered

its order, the government moved to voluntarily dismiss with prejudice its appeal as

to Nauta and De Oliveira. App. Doc. 111. On February 11, 2025, the Eleventh

Circuit dismissed the appeal. App. Doc. 113-2. The Order of Dismissal was docketed

the same day, Doc. 716, which ended the criminal case.

On February 14, 2025, American Oversight filed an expedited motion to intervene in the below proceedings, seeking clarification that the injunction barring the release of Volume II dissolved with the voluntary dismissal of appeal against the final two former defendants. Doc. 717. In the alternative, American Oversight requested that the district court lift the injunction. *Id.* On February 18, while not ruling on the request to intervene, the Court made clear that its injunction barring release of Volume II remained in effect. Doc. 718. The court also ordered the parties to submit a "joint report" regarding, *inter alia*, their views on the order regarding Volume II. Doc. 718 (citation modified).

On March 14, 2025, the United States, Nauta and De Oliviera submitted a joint status report conveying their positions on the release of Volume II. Doc. 738, that the court should not order release of the report, *id.* at 2, with the government stating it would be the "Attorney General's prerogative to determine whether the release of Volume II 'would be in the public interest[.]" *Id.* at 2 (citing 28 C.F.R. § 600.9(c)). Nauta and De Oliviera—no longer defendants following the government's voluntary dismissal of all criminal charges—asked  the court not to release the report, asserting they "remained concerned that [FOIA] presents opportunities for mischief," *id.* at 4.

Approximately six months after briefing had been completed on American Oversight's motion to intervene, American Oversight filed a petition for writ of

mandamus with this Court, requesting that it vacate the district court's injunction or, in the alternative, compel the District Court to issue a ruling on American Oversight's motion to intervene. Pet. Writ Mandamus, 25-13400 (11th Cir. Sept. 30, 2025). A month later, the Eleventh Circuit found that American Oversight had "established undue delay" regarding the motion to intervene and held the petition for writ of mandamus in abeyance for 60 days to allow the district court to rule on the motion to intervene. *Id.* Doc. 11.

On December 22, 2025, the district court denied American Oversight's motion to intervene, ruling that American Oversight's FOIA rights do not provide a basis for intervention. Doc. 760. Separately, and on the same day, the district court ruled that the restriction to release Volume II would expire on February 24, 2026, while acknowledging the former Defendants' position that the report should not be released. The district court noted that "[n]othing in this Order . . . prohibits any *former* or *current party* to this action . . . from timely seeking appropriate relief before that deadline." Doc. 761 (emphasis added). American Oversight filed its notice of appeal shortly after. Doc. 763.

Following the lower court's ruling providing any former or current party to the below proceedings could seek "appropriate relief" before February 24, in late January, former defendant President Trump filed an unopposed, expedited motion to prohibit the release of Volume II **permanently** and asked that the district court

rule before the expiration of the restriction. Doc. 772. Shortly thereafter, the United States agreed to that course of action. Doc. 773. President Trump's former co-defendants, Waltine Nauta, and Carlos de Oliveira, went further, requesting the district court order destruction of all copies of the report. Doc. 774 – Pgs. 1, 4-5.

### B.     American Oversight's FOIA Request and Related Judicial Proceedings

On January 8, 2025, American Oversight submitted a FOIA request to DOJ, seeking expedited production of both volumes of the Special Counsel's report. Doc. 717 – Pg. 15. Following DOJ's failure to respond after applicable statutory deadlines passed, American Oversight filed a complaint and motion for preliminary injunction against DOJ in the United States District Court of the District of Columbia seeking relief under FOIA to compel production of Volume II. *See* Compl., *Am. Oversight v. U.S. Dep't of Just.*, No. 25-cv-383 (D.D.C. Feb. 10, 2025), D.D.C. Doc. 1.[1] The day after American Oversight filed its motion, DOJ responded to the FOIA request, stating:

> At this time, I have determined that Volume II of the Report should be withheld in full because it is protected from disclosure by a court injunction issued by the United States district court for the Southern District of Florida, West Palm Beach Division. In this instance, the Office of Information Policy lacks authority to consider the releasability of this information under the FOIA.

---

[1] To avoid confusion, American Oversight will refer to proceedings in any other case by identifying the venue prior to the docket number. When American Oversight refers to the below proceedings, it will only refer to the docket number.

Doc. 717 at 15.

The D.C. district court denied American Oversight's motion for preliminary injunction. 2025 WL 56114 (D.D.C. Doc. 10). The court ruled that "DOJ remains subject to Judge Cannon's injunction 'barring disclosure' of Volume II, meaning that the agency has 'no discretion' to release that document." D.D.C. Doc. 11 at 12 (internal citations omitted). The court noted that "a preliminary injunction in a FOIA case [was] not the proper way to challenge Judge Cannon's order," but that American Oversight must "argue before Judge Cannon (and possibly the Eleventh Circuit) that the order is invalid or should be dissolved." *Id.* at 14. The district court subsequently dismissed the complaint on largely the same grounds. *Id.*, 779 F. Supp. 3d 40 (D.D.C. Doc. 20).[2]

### C.    Statement or Scope of Review

A court of appeals reviews issue of law, including those that apply law to fact, de novo. *See U.S. v. Shamsid-Deen*, 61 F.4th 935, 944 (11th Cir. 2023). De novo review permits the appellate court to exercise its "primary function as expositor of law," and to decide the issue as if the appellate court were in the same

---

[2] Separately, in late January 2025, the *New York Times* filed a lawsuit under FOIA to compel DOJ to produce Volume II in the United States district court for the Southern District of New York. *See N.Y. Times Co. v. U.S. Dep't of Just.*, Case No. 25-cv-562 (S.D.N.Y Jan. 21, 2025), S.D.N.Y. Doc. 1. On September 4, 2025, the N.Y. district court dismissed the action, citing the Volume II Restriction Order and referring to it as a "permanent injunction." *See* S.D.N.Y. Doc. 32.

position as the district court. *Id.* (quoting *Miller v. Fenton*, 474 U.S. 104, 114 (1985).

## Argument

The district court erred when it failed to properly consider American Oversight's interests in intervention. Although the court acknowledged that there are situations when non-party intervention in a criminal proceeding is warranted, it did not apply that existing legal precedent to American Oversight's intervention request, instead treating American Oversight's federal statutory right under FOIA as an impermissible basis for intervention because an absence of precedent analyzing that specific statutory right. American Oversight has established that intervention is necessary because it has established a clear federal statutory right under FOIA, and its federal interests are impaired by the district court's denial of its motion to intervene. Further, the absence of precedent pertaining specifically to FOIA cannot on its own justify the denial of a motion to intervene, and the district court should have engaged with existing caselaw—including precedent from the former Fifth Circuit—which would have demonstrated that American Oversight's federal interests in the below proceedings are well within the zone of interests intended to be regulated by FOIA and support intervention.

## I. American Oversight Has a Clear Statutory Right Under FOIA

American Oversight has a clear federal statutory right under FOIA to request

and access non-exempt public records for which it properly submits requests.[3] *See*

*Taylor v. Sturgell*, 553 U.S. 880, 885 (2008) ("[FOIA] accords 'any person' a right

to request any records held by a federal agency."); *see also* 5 U.S.C. § 552; Freedom

of Information Act, Pub. L. No. 89–487, 80 Stat. 250 (July 4, 1966) (codifying Act's

purpose to "clarify and protect the right of the public to information"). More than

one year ago, American Oversight first asserted its statutory rights under FOIA to

---

[3] American Oversight also asserted federal common law and constitutional rights in its previous mandamus petition to this Court, Pet. Writ Mandamus, 25-13400 (11th Cir. Sept. 30, 2025), which the district court acknowledged in its opinion, Doc. 760 – Pg. 11, n.8 and Pg. 15, n.11. American Oversight maintains that both common law and constitutional law rights, in addition to its statutory rights under FOIA, underpin its interests in intervention. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (finding it "clear," as a matter of federal common law, that there is a "right to inspect and copy public records and documents"); *see also Dow Jones & Co., Inc. v. Kaye*, 90 F. Supp. 2d 1347, 1352 (S.D. Fla. 2000) (citing *Davis v. East Baton Rouge Parish School Bd.,* 78 F.3d 920, 926–27 (5th Cir. 1996), noting that non-party to litigation can show injury to its First Amendment right to receive information by demonstrating that but for the restraint on speech or dissemination of information, "the flow" of information would resume). Although the district court states that American Oversight did not discuss its arguments under the common law and First Amendment, Doc. 760 at 11 n.8, American Oversight notes that its theories are not separate "positions or issues"; they are arguments in service of the same issue: that American Oversight had a right to intervene because it has a right to the records. *Gould v. Interface, Inc.*, 153 F.4th 1346, 1355 (11th Cir. 2025) (quoting *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, 113 F.4th 1312, 1320 (11th Cir. 2024)). American Oversight focuses its brief primarily on its statutory FOIA rights because prospective intervenor and Appellant Knight Institute has extensively briefed both the common law and constitutional access rights.

the non-exempt public information in Volume II when it submitted a FOIA request

to DOJ seeking expedited production of the report, Doc. 717 – Pg. 19.

## II.    American Oversight's Ability to Vindicate Its Federal Rights is Impaired Absent Intervention

Following the district court's separate order provisionally dissolving the

restriction on Volume II, President Trump has moved—unopposed by the United

States and the other former defendants—to permanently enjoin its release. Doc. 772

– Pg. 13. President Trump's former co-defendants, Waltine Nauta, and Carlos de

Oliveira, have requested the district court order destruction of all copies of the report.

Doc. 774 – Pgs. 1, 4-5. Absent intervention, these arguments will go unrebutted, and

if the district court grants the requested relief, it will irreparably impair American

Oversight's statutory rights under FOIA by permanently foreclosing access to the

report. Reversing the district court's denial of American Oversight's motion to

intervene will enable it to assert its federal rights.[4]

---

[4] Regardless of whether the district court rules on President Trump's pending motion before this appeal, equitable tolling principles would likely apply, such that reversal of the denial of the motion to intervene should allow American Oversight to seek to participate in adjudication of President Trump's motion, including reconsideration of the district court's decision should it agree to permanently enjoin release of Volume II.

### III. Lack of Precedent Specific to Federal Rights Under FOIA is Not a Basis for Denying American Oversight's Intervention Request

The district court's opinion denying American Oversight's motion to intervene relies on an analysis that fails to properly contend with case law supporting limited intervention in criminal cases for the purpose of vindicating federal rights.

The district court denied American Oversight's motion to intervene to assert its statutory rights under FOIA on the basis that the "theory of FOIA intervention in a criminal case is unsupported in law and unprecedented in scope."[5] Doc. 760 – Pg. 13. Assessing intervention efforts through this limited lens would bar entry to assert rights in a criminal case to any prospective intervenor, no matter the injury to their federal rights, unless the prospective intervenor can cite to a case where a similarly situated party asserted *exactly* the same right for *exactly* the same purpose. Although, as the district court notes, the Federal Rules of Criminal Procedure do not provide an explicit mechanism for intervention in criminal cases, Doc. 760 – Pg. 7, the Rules also do not *foreclose* intervention absent citation of legal precedent meeting exacting parameters. If this were the case, the first non-parties who were granted intervention status in criminal proceedings based on federal common law or constitutional rights

---

[5] American Oversight's intervention effort has, from the outset, been limited in scope; it has sought only to intervene for the limited purpose of asserting its federal rights to seek the non-exempt public information in Volume II.

would not have obtained that status because they could not cite to prior legal precedent.[6]

The district court notes that it is unclear if "FOIA litigants have ever attempted [this] type of criminal-case-intervention strategy before now," Doc. 760 – Pg. 14, but leaves unacknowledged the necessary corollary: there is a clear absence of precedent empowering a federal district court to bar access to a report created by a federal executive branch agency that would otherwise be subject to FOIA.

## IV.    Existing Precedent Compels American Oversight's Intervention

The district court, in declining to analyze the substance of American Oversight's federal statutory rights under FOIA beyond emphasizing an absence of precisely on point precedent, failed to consider American Oversight's FOIA rights within the framework used by other courts to examine the sufficiency of a non-party's interests in intervention.

Notably, the former Fifth Circuit examined the rights of non-parties to assert federal rights in criminal proceedings in *U.S. v. Gurney*. 558 F.2d 1202 (5th Cir. 1977) (abrogated on other grounds).[7] In *Gurney*, a group of Miami newspapers and

---

[6] The district court's opinion points to existing precedent justifying intervention to assert constitutional and common law rights, Doc 760 – Pgs. 8-9, but never addresses why a right rooted in common law—which could hypothetically be abrogated by statute—should be considered more favorably than one rooted in statute and enacted by the express will of Congress.

[7] Although the press in *Gurney* are not explicitly referred to as prospective intervenors, they were non-parties to a criminal proceeding seeking access to court

reporters sought to examine trial documents in a criminal proceeding. *Id.* The *Gurney* court noted that, in addition to showing an injury-in-fact,[8] a prospective intervenor must show that "the interest sought to be protected is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Id.* at 1206 (citing *Assoc. Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153–54 (1970)). Accordingly, motions to intervene in a criminal matter may be permissible. *See U.S. v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) ("Intervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case."); *U.S. v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding that a motion to intervene by a non-profit organization to assert right to access is procedurally proper despite the "Federal Rules of Criminal Procedure mak[ing] no reference to a motion to intervene in a criminal case"). Here, no substantive analysis was undertaken of American Oversight's of federal statutory right under FOIA, where the interest sought to be protected—the ability to seek non-exempt public

---

documents: a classic example of limited non-party intervention to assert federal interests. *See Gurney,* 558 F.2d 1202, 1205 (5th Cir. 1977)

[8] The district court's decision does not find that American Oversight has not been injured. In fact, it all but acknowledges that American Oversight *has* been injured. *See* Doc. 760 at 14 ("[Appellant has] attempted, via separate litigation and agency efforts, to vindicate their FOIA interest and [has] been unsuccessful in those efforts due to [DOJ's] compliance with the January 21, 2025, Order in this criminal case").

information currently sought to be permanently hidden from public view by President Trump and his former co-defendants—is clearly within the zone of interests protected by FOIA.

## Conclusion

For the foregoing reasons, American Oversight respectfully requests that this Court reverse the district court's decision denying American Oversight's motion to intervene.

*/s/ Loree Stark*

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
Tel: (304) 913-6114
loree.stark@americanoversight.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue, Ste. 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Attorneys for Interested Party-Appellant*
*American Oversight*

**Certificate of Compliance with Rule 21(d) and 32(a)**

I certify that this petition complies with the word limitation requirements of Fed. R. App. P. 21(d)(1) because this petition contains 3,578 words, excluding the parts of the document exempted by Fed R. App. P. 32(f), and it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

> *//s/ Loree Stark*
> Loree Stark
> Daniel Martinez
> Ronald Fein
> American Oversight
> 1030 15th Street NW, B255
> Washington, DC 20005
> Tel: (304) 913-6114
> loree.stark@americanoversight.org
>
> Barbara R. Llanes
> Gelber Schachter & Greenberg, P.A.
> One Southeast Third Avenue, Ste. 2600
> Miami, FL 33131
> Tel: (305) 728-0950
> bllanes@gsgpa.com
>
> *Attorneys for Interested Party-Appellant*
> *American Oversight*