Nos. 25-14507, 26-10674

_____

**In the United States Court of Appeals
for the Eleventh Circuit**

_____

UNITED STATES OF AMERICA, *Plaintiff-Appellee*,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN OVERSIGHT,

*Interested Parties-Appellants*,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA

*Defendants-Appellees*.

_____

On Appeal from the United States District Court for the Southern District of
Florida, No. 23-cr-80101 (Cannon, J.)

_____

**APPELLANTS' JOINT MOTION TO CONSOLIDATE APPEALS AND
MODIFY BRIEFING SCHEDULE**

_____

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org


Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
(305) 728-0950

*Counsel for Petitioner American
Oversight*

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org


David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003


*Counsel for Petitioner Knight First
Amendment Institute at Columbia
University*

Pursuant to Federal Rules of Appellate Procedure 3(b)(2) and 27, and Eleventh Circuit Rule 27-1, Interested Parties-Appellants Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute") and American Oversight (together "Appellants") respectfully move this Court to consolidate their appeals of two district court orders dated December 22, 2025 and February 23, 2026 denying Appellants' motions to intervene in the underlying proceedings to assert statutory, common law, and First Amendment rights of access to Volume II of Special Counsel Jack Smith's final report.[1]

The appeals of the district court's intervention orders should be consolidated because they arise from the same underlying proceeding, involve identical parties and prospective intervenors, and present overlapping legal questions and factual issues. Indeed, the appeals of both intervention orders present the same core legal questions: (1) whether the district court erred in holding that Appellants lack standing to seek rescission of the district court injunctions preventing Appellants from vindicating their statutory rights under FOIA; (2) whether those injunctions should be vacated; (3) whether the district court erred in holding that the Knight

---

[1] The appeals of the district court's December 22, 2025 order are docketed as case No. 25-14507. The appeals of the district court's February 23, 2026 order are docketed as case No. 26-10674. "ECF" citations refer to the docket in case No. 25-14507. "Dkt." citations refer to the district court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.).

Institute lacks standing to intervene to assert the common law and First Amendment right of access to Volume II; and (4) whether the district court erred in holding that the Knight Institute does not have a First Amendment or common law right of access to Volume II. Consolidation will promote judicial economy, ensure consistent resolution of these core legal questions by a single panel, and avoid duplicative briefing and argument.

Appellants further request that the Court adopt the following modified briefing schedule, which maintains the Court's expedited treatment of this case and is fair and reasonable. Unter this modified schedule, briefing will be complete more than two months before oral argument, which is currently scheduled for the week of June 22, 2026. ECF No. 48.

March 18, 2026: Supplemental opening briefs not to exceed 3,000 words each

April 1, 2026: Response briefs—each addressing the original and supplemental opening briefs—not to exceed 16,000 words each

April 15, 2026: Reply briefs—each addressing all response briefs filed by Appellants—not to exceed 10,000 words each

Appellants filed their opening briefs in case No. 25-14507 on February 9, 2026. ECF Nos. 38, 39. Short supplemental opening briefs are needed to permit Appellants to address the district court's February 23, 2026 orders denying their motion to intervene and permanently enjoining the release of Volume II. The current March 11 deadline for response briefs is extended by 21 days, until April 1, 2026, to

2

allow Appellees to prepare responses to Appellants' original and supplemental opening briefs.[2] Appellants' reply briefs would be due 14 days later, on April 15, 2026.[3]

## BACKGROUND

These appeals arise from two district court orders denying Appellants' motions to intervene in the underlying proceedings to assert rights of access to Volume II of Special Counsel Jack Smith's final report. Appellants' original motions to intervene, which were filed in February 2025, sought rescission of the district court's January 21, 2025 injunction barring the Department of Justice from releasing Volume II to anyone outside the Department. Dkt. 717, 721. The Injunction has prevented Appellants from vindicating their statutory rights of access to Volume II under the Freedom of Information Act (FOIA). *Id.* The Knight Institute's original motion to intervene also asserted common law and First Amendment rights of access

---

[2] Defendants-Appellees have filed a motion for a 30-day extension to the original March 11 deadline to file their response to Appellants' opening briefs in the first appeal. ECF No. 51. As explained further below, Appellants believe that an extension of 21 days for Defendants-Appellees to respond to Appellants' original and supplemental opening briefs—from March 10 to April 1—should be sufficient.

[3] Pursuant to Eleventh Circuit Rule 27-1(a)(5), the undersigned have conferred with counsel for Appellees. Plaintiff-Appellee United States takes no position on consolidation. Defendants-Appellees Donald Trump and Carlos De Oliveira oppose consolidation of the appeals and the proposed briefing schedule. They intend to file prompt responses in opposition. Defendant-Appellee Walt Nauta has not responded to Appellants' request for consent to this motion.

to the copy of Volume II that the district court requested from the government, reviewed *in camera*, and expressly relied on in granting the January 21, 2025 injunction barring Volume II's release. Dkt. 721.

Although Appellants' original intervention motions were filed in February 2025, they were not decided until December 22, 2025, and only after this Court found "undue delay" in the district court's adjudication of the motions. *In re Knight First Amend. Inst. at Columbia Univ*. No. 25-13403, ECF No. 11 (11th Cir. Sep. 30, 2025); *In re Am. Oversight*, No. 25-13400, ECF No. 11 (11th Cir. Sep. 30, 2025). Appellants promptly appealed to this Court, ECF Nos. 1, 2, and the Knight Institute filed a motion to expedite the appeal, ECF 10, which the Court granted, ECF 37. The Court set the following briefing schedule: initial briefs due by February 9, 2026; response briefs due 30 days after the filing of the last initial brief; and reply briefs due within 14 days after the filing of the last response brief. *Id.* The Court also set oral argument for the week of June 22, 2026. ECF No. 48. Consistent with the briefing schedule, Appellants filed their opening briefs on February 9, 2026. ECF Nos. 38, 39.

On February 25, Defendants-Appellees filed a motion seeking an additional 30-days to file their response briefs. ECF 51. Appellants stated that they would promptly file an opposition to the motion. *Id.*

4

In late January 2026, more than a month after Appellants filed their notices of appeal in case No. 25-14507, Defendants-Appellees filed motions in the district court seeking the permanent suppression and destruction of Volume II. Dkt. 772–774. On February 9, 2026, Appellants filed a joint expedited motion to intervene seeking a stay of proceedings ("Second Intervention Motion"), arguing that their pending appeals divested the district court of jurisdiction to adjudicate Defendants-Appellees' motions. Dkt. 775. Appellants explained that Defendants-Appellees' motions were inextricable from the issues on appeal. *Id.* On appeal, Appellants seek access to Volume II and a rescission of the injunction against its release. *Id.* In their district court motions, Defendants-Appellees sought *destruction* of the report or, at the very least, a permanent injunction against its release. *Id.*

When the district court failed to act on the Second Intervention Motion, Appellants filed a petition for writ of mandamus in this Court seeking a stay of district court proceedings pending appeal. *In re Knight First Amend. Inst. at Columbia Univ. and Am. Oversight,* No. 26-10503, ECF No. 1 (11th Cir. Feb. 13, 2026).[4] The district court nevertheless proceeded to adjudicate Defendants-

---

[4] The mandamus proceeding remains ongoing. On February 23, 2026, Defendants-Appellees filed a notice asserting that the district court's orders granting a permanent injunction and denying the Second Intervention Motion mooted the mandamus proceeding. *In re Knight First Amend. Inst. at Columbia Univ. and Am. Oversight,* No. 26-10503, ECF No. 27 (11th Cir. Feb. 23, 2026). Appellants responded on March 2, 2026, stating that the district court's orders confirmed the need for a stay of proceedings pending appeal, in order to protect the integrity of the

Appellees' motions and issued an order on February 23, 2026 permanently enjoining the release of Volume II. Dkt. 779. The order concerns the central issue that was already on appeal—whether Appellants have a public right of access to Volume II. Furthermore, many of the justifications the district court gave for imposing a permanent injunction are arguments whose sufficiency Appellants have challenged on appeal: Dkt. 779 at 9–14.

On February 23, 2026, the district court also denied Appellants' Second Intervention Motion, without explanation, Dkt. 780. Appellants filed notices of appeal of that order on March 2, 2026, Dkt. 783, 784, which were docketed in this Court as case No. 26-10674.

## ARGUMENT

## I. Consolidation Is Warranted Under Federal Rule of Appellate Procedure 3(b)(2).

Federal Rule of Appellate Procedure 3(b)(2) provides that when parties file separate notices of appeal, "the appeals may be joined or consolidated by the court of appeals." The Rule reflects the well-established principle that consolidation is appropriate where appeals involve similar legal questions or factual issues.

---

appeals and this Court's appellate jurisdiction. *In re Knight First Amend. Inst. at Columbia Univ. and Am. Oversight,* No. 26-10503, ECF No. 29 (11th Cir. Mar. 2, 2026). Defendants-Appellees filed a reply on March 5, 2026. *In re Knight First Amend. Inst. at Columbia Univ. and Am. Oversight,* No. 26-10503, ECF No. 32 (11th Cir. Mar. 5, 2026).

Consolidation is also appropriate "for the sake of efficiency and to promote consistent treatment." 16A C. Wright et al., Fed. Prac. & Proc. Juris. § 3949.2 (5th ed.).

This Court routinely consolidates appeals that arise from the same underlying proceeding and present overlapping legal or factual issues. *See, e.g.*, *Legal Env't Assistance Found., Inc. v. EPA*, 400 F.3d 1278, 1279 (11th Cir. 2005); *United States v. Mills*, 613 F.3d 1070, 1071 & n.1 (11th Cir. 2010). The Court's local rules likewise support consolidation of related cases in the interests of judicial economy. 11th Cir. R. 12-2 (authorizing the clerk to "determine[], sua sponte, that consolidation of appeals is . . . in the interest of judicial economy, such as when multiple appeals raise the same or similar issues"); 11th Cir. R. 27-1(c)(4) (authorizing the clerk to "consolidate appeals from the same district court").

All relevant factors favor consolidation here. The appeals from the district court's intervention orders arise from the same underlying proceeding, involve identical parties and prospective intervenors, and present overlapping legal questions and factual issues. As noted above, the appeals of both intervention orders present the same core legal questions: (1) whether the district court erred in holding that Appellants lack standing to seek rescission of the district court injunctions preventing Appellants from vindicating their statutory rights under FOIA; (2) whether those injunctions should be vacated; (3) whether the district court erred in

holding that the Knight Institute lacks standing to intervene to assert the common law and First Amendment right of access to Volume II; and (4) whether the district court erred in holding that the Knight Institute does not have a First Amendment or common law right of access to Volume II.

Consolidation will promote judicial economy by enabling this Court to resolve the appeals together rather than in separate, successive proceedings and will avoid duplicative briefing and argument. Separate panels addressing the same questions on separate schedules would risk inconsistent rulings, waste judicial resources, and undermine the goals of expedition that this Court has already recognized as important. Consolidation eliminates all of those risks.

Notably, in seeking a 30-day extension of the deadline for their response briefs in the first appeal, Defendants-Appellees emphasized the importance of "conserv[ing] judicial resources by ensuring the Court receives briefing that accounts for all relevant developments, including any further intervening proceedings, while reducing the likelihood of duplicative or supplemental briefing as oral argument approaches." ECF No. 51 at 10.

## II.  The Proposed Modified Briefing Schedule Serves the Goals of Expedition and Judicial Economy.

Pursuant to the current briefing schedule in case No. 25-14507, Appellants filed opening briefs on February 9, 2026. ECF Nos. 38, 39. Response briefs are due by March 11, 2026, and reply briefs are due by March 25, 2026.

To effectuate consolidation of the appeals, Appellants propose the following modified briefing schedule:

March 18, 2026: Supplemental opening briefs not to exceed 3,000 words each

April 1, 2026: Response briefs—each addressing the original and supplemental opening briefs—not to exceed 16,000 words each

April 15, 2026: Reply briefs—each addressing all response briefs filed by Appellants—not to exceed 10,000 words each

This proposed schedule preserves the expedited character of these proceedings, with briefing completed more than two months before oral argument. The schedule makes modest changes to accommodate the newly filed appeals and coordinate briefing across all appeals, while providing a fair and workable framework for all parties.

Appellants need a short period to prepare supplemental opening briefs addressing the district court's February 23, 2026 orders. In its order permanently enjoining the release of Volume II, the district court offered expanded and somewhat different justifications for barring public access than it offered in its January 21, 2025 order enjoining the report's release.

The schedule extends the deadline for response briefs by 21 days to allow Appellees to prepare consolidated responses to Appellants' original and supplemental opening briefs. This modification benefits Appellees, who will be able

to address all of the appeals at once, rather than in two separately-tracked proceedings on different, possibly overlapping schedules.

Defendants-Appellees have moved for a 30-day extension to the current March 11, 2026 deadline for response briefs, which would make them due on April 10, 2026. The proposed modified schedule provides Appellees with a 21-day extension, until April 1, 2026, which should be more than sufficient to respond to Appellants' original and supplemental opening briefs.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court consolidate their appeals of the district court's intervention orders and enter the modified briefing schedule proposed by Appellants.

March 5, 2026

Respectfully submitted,

<table>
<tr><td>/s/ Loree Stark</td><td>/s/ Scott Wilkens</td></tr>
<tr><td>Loree Stark</td><td>Scott Wilkens</td></tr>
<tr><td>Daniel Martinez</td><td>Alex Abdo</td></tr>
<tr><td>Ronald Fein</td><td>Jameel Jaffer</td></tr>
<tr><td>American Oversight</td><td>Knight First Amendment Institute at</td></tr>
<tr><td>1030 15th Street NW, B255</td><td>   Columbia University</td></tr>
<tr><td>Washington, DC 20005</td><td>475 Riverside Drive, Suite 302</td></tr>
<tr><td>(304) 913-6114</td><td>New York, NY 10115</td></tr>
<tr><td>loree.stark@americanoversight.org</td><td>(646) 745-8500</td></tr>
<tr><td></td><td>scott.wilkens@knightcolumbia.org</td></tr>
<tr><td></td><td></td></tr>
<tr><td>Barbara R. Llanes</td><td>David Buckner</td></tr>
<tr><td>Gelber Schachter & Greenberg, P.A.</td><td>Buckner + Miles</td></tr>
<tr><td>One Southeast Third Ave., Suite 2600</td><td>2020 Salzedo Street, Suite 302</td></tr>
<tr><td>Miami, FL 33131</td><td>Coral Gables, FL 33134</td></tr>
</table>

(305) 728-0950
bllanes@gsgpa.com

*Counsel for Petitioner American Oversight*

(305) 964-8003

*Counsel for Petitioner Knight First Amendment Institute at Columbia University*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 2,241 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: March 5, 2026                    */s/ Scott Wilkens*
                                        Scott Wilkens

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: March 5, 2026                    */s/ Scott Wilkens*
                                        Scott Wilkens