Nos. 25-14507, 26-10674

In the United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA, *Plaintiff-Appellee*,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN OVERSIGHT,

*Interested Parties-Appellants*,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA

*Defendants-Appellees*.

On Appeal from the United States District Court for the Southern District of Florida, No. 23-cr-80101 (Cannon, J.)

**APPELLANTS' REPLY TO DEFENDANTS-APPELLEES' RESPONSE TO MOTION TO CONSOLIDATE APPEALS**

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
  Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Counsel for Petitioner American Oversight*

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner Knight First Amendment Institute at Columbia University*

Pursuant to Federal Rules of Appellate Procedure 3(b)(2) and 27, and Eleventh Circuit Rule 27-1, Interested Parties-Appellants American Oversight and Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute"), by and through undersigned counsel, respectfully submit this reply to Defendants-Appellees' Response in Opposition to Appellants' Motion to Consolidate Appeals and Modify Briefing Schedule.

## Argument

**I.     Consolidation Would Prevent, Not Promote, Confusion.**

The two appeals[1] filed by Appellants are appropriate for consolidation. Appellees' response to Appellants' motion attempts to create confusion about the issues that would be before this Court in a consolidated case, but those issues are straightforward and narrow. Moreover, because the appeals are necessarily intertwined, they present a classic case for consolidation. The appeals involve identical parties and prospective intervenors, arise from the same underlying proceeding, and present the same core legal and factual questions. Consolidation is

---

[1] The appeals of the district court's December 22, 2025 order are docketed as case No. 25-14507. The appeals of the district court's February 23, 2026 order are docketed as case No. 26-10674. "ECF" citations refer to the filings on the Eleventh Circuit's docket. "Dkt." citations refer to the district court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.).The Motion to Consolidate Appeals and Modify Briefing Schedule and the subsequent response were filed separately in each appeal. For simplicity, we will refer to the ECF filings in first appeal, No. 25-14507.

necessary to promote judicial economy, avoid unnecessary duplicative briefing and arguments, and ensure consistent resolution of legal issues arising from the same underlying proceedings before one panel.

Defendants-Appellees attempt to complicate a classic case for consolidation by mistakenly invoking the "anomalous rule," ECF No. 56 at 6-7, which does not apply to these appeals. The "anomalous rule" exists solely to solve a finality problem: how to hear an appeal from an intervention denial when the underlying case is not yet final. *See, e.g., United States v. Jefferson Cnty.*, 720 F.2d 1511, 1515 & n.12 (11th Cir. 1983); *see also* 7C Wright & Miller's Federal Practice & Procedure § 1923 (3d ed. 2025). But no such problem exists here—the underlying criminal case is final, and the district court has issued an order permanently enjoining release of the report that Appellants seek. Dkt. 779. In any event, the very existence of this dispute regarding the applicability of the "anomalous rule" *supports* consolidation. It would make little sense to require duplicative briefing and argument on this issue and risk inconsistent treatment of the issue by different panels.

Defendants-Appellees' bare assertions of "distinct procedural postures, separate records, and potentially different standards of review" do not counsel against consolidation. ECF No. 56 at 7–8. Defendants-Appellees fail to explain why these supposed differences matter. In any event, the differences are nonexistant or at the very least overstated. The procedural postures are not distinct—both appeals are

2

from denials of motions to intervene. The records are not separate—they cover the same phase of the same closed criminal proceeding, and thus substantially overlap.[2] And even if different standards of review apply to the issues on appeal, that is hardly unusual of the appeals adjudicated by this Court.

Furthermore, the need for this Court to address the applicability of "the broader questions of access, intervention rights, and the District Court's supervisory powers" to the issues on appeal, ECF No. 56 at 7, counsels in favor of rather than against consolidation. Considering the relevance of these broader questions in separate appeals would be inefficient and would risk inconsistent rulings by different panels.

Defendants-Appellees cite *Jain v. Myers* for the proposition that "courts must consider whether the specific risks of prejudice and confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues," ECF No. 56 at 7, but that passage from *Jain* addresses the factors a district court must consider in deciding whether to consolidate cases pursuant to Federal Rule of Civil Procedure 42, not the factors *this* Court considers in deciding whether to consolidate appeals.[3]

---

[2] If courts of appeals were to proceed under Defendants-Appellees' artificially high bar to justify consolidation, consolidating appeals—no matter the interests of judicial economy or efficient resolution—would almost *never* be appropriate.

[3] In any event, Defendants-Appellees' citation to *Jain v. Myers* hurts, not helps, their argument against consolidation. This Court in *Jain* deftly navigated a far more complex consolidated appeal than is presented here. *See generally Jain*, 2024 WL

3

As Appellants explained in their motion, the appeals should be consolidated because they each concern four issues: (1) whether the district court erred in holding that Appellants lack standing to seek rescission of the district court injunctions preventing Appellants from vindicating their statutory rights under FOIA; (2) whether those injunctions should be vacated; (3) whether the district court erred in holding that the Knight Institute lacks standing to intervene to assert the common law and First Amendment right of access to Volume II; and (4) whether the district court erred in holding that the Knight Institute does not have a First Amendment or common law right of access to Volume II.

Notably, in seeking an extension of the deadline for filing response briefs in the first appeal, Defendants-Appellees argued that the extension would "conserve judicial resources by ensuring the Court receives briefing that accounts for all relevant developments, including any further intervening proceedings, while reducing the likelihood of duplicative or supplemental briefing as oral argument

---

46654. In *Jain*, the Court affirmed the lower court's decision to consolidate appeals, referencing the factors that Defendants-Appellees cited in their response, including potential risks of confusion and inconsistent adjudications of common factual and legal issues. *See Jain*, 2024 WL 46654 at *3–4. At the same time, this Court considered and adjudicated *seven* other issues on appeal arising from the consolidated cases, invoking separate standards of review for different issues where appropriate. *See id.* at *3 (reviewing a district court's jurisdiction over a matter *de novo* and separately reviewing the appropriateness of consolidation under an abuse of discretion standard).

approaches." ECF No. 51 at 11. That argument strongly supports consolidation of the appeals.

## II. The Court Should Enter a Briefing Schedule that Does Not Affect the Current Date for Oral Argument.

Defendants-Appellees argue that Appellants' proposed briefing schedule is not justified by the circumstances in this case, but suggest, in the event that consolidation is granted, an alternative proposed briefing schedule that pushes back the due date for Appellants' supplemental opening brief and provides Appellees one month from that date to provide their full response. *See* ECF No. 56 at 12. Under Defendants-Appellees' proposed alternative schedule, briefing would not be complete until May 22, 2026, ECF No. 56 at 12, or approximately one month before oral argument, which is currently scheduled for the week of June 22, 2026. Defendants-Appellees also request that oral argument be moved to "an available calendar after the week of June 22, 2026." *Id.*

To the extent that briefing completed by May 22, 2026 would provide the Court the time it needs to consider the issues on appeal prior to the date currently scheduled for oral argument, Appellants do not oppose Defendants-Appellees' proposed alternate briefing schedule. However, Appellants oppose any change in the briefing schedule that would delay the oral argument date, given the time-sensitive nature of the rights of access at issue. If Defendants-Appellees' proposed briefing

5

schedule would necessitate delaying oral argument, Appellants respectfully request that this Court adopt the modified briefing schedule originally proposed by Appellants, as follows:

> March 18, 2026: Supplemental opening briefs not to exceed 3,000 words each
>
> April 1, 2026: Response briefs—each addressing the original and supplemental opening briefs—not to exceed 16,000 words each
>
> April 15, 2026: Reply briefs—each addressing all response briefs filed—not to exceed 10,000 words each

This schedule, if entered, would provide parties time to address the arguments raised in both appeals and provide the Court with time to consider the issues raised prior to oral arguments the week of June 22, 2026.

## Conclusion

For the foregoing reasons, Appellants respectfully request the Court consolidate their appeals of the district court's intervention orders and enter a modified briefing schedule consistent with the date currently set for oral argument.

| | |
|---|---|
| March 10, 2026 | Respectfully submitted, |
| /s/ Loree Stark | /s/ Scott Wilkens |
| Loree Stark<br>Daniel Martinez<br>Ronald Fein<br>American Oversight<br>1030 15th Street NW, B255<br>Washington, DC 20005<br>(304) 913-6114<br>loree.stark@americanoversight.org | Scott Wilkens<br>Alex Abdo<br>Jameel Jaffer<br>Knight First Amendment Institute at Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-8500<br>scott.wilkens@knightcolumbia.org |
| Barbara R. Llanes<br>Gelber Schachter & Greenberg, P.A.<br>One Southeast Third Ave., Suite 2600<br>Miami, FL 33131<br>Tel: (305) 728-0950<br>bllanes@gsgpa.com | David Buckner<br>Buckner + Miles<br>2020 Salzedo Street, Suite 302<br>Coral Gables, FL 33134<br>(305) 964-8003 |
| *Counsel for Petitioner American Oversight* | *Counsel for Petitioner Knight First Amendment Institute at Columbia University* |

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,367 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: March 10, 2026                    */s/ Loree Stark*
                                                          Loree Stark