Nos. 25-14507, 26-10674

In the United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY AND AMERICAN
OVERSIGHT,

Interested Parties-Appellants,

DONALD J. TRUMP, WALTINE NAUTA,
and CARLOS DE OLIVEIRA

Defendants-Appellees.

On Appeal from the United States District Court for the
Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

**DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO
APPELLANTS' JOINT MOTION TO EXPEDITE CONSIDERATION
OF PENDING MOTION TO CONSOLIDATE APPEALS**

Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
*Counsel for Defendant-Appellee*
*Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
*Counsel for Defendant-Appellee*
*Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee*
*President Donald J. Trump*

**DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO APPELLANTS' JOINT MOTION TO EXPEDITE CONSIDERATION OF PENDING MOTION TO CONSOLIDATE APPEALS**

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, Defendants-Appellees President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through the undersigned counsel, hereby respectfully submit this Response in Opposition to Knight First Amendment Institute at Columbia University's ("Knight Institute") and American Oversight's (together, "Appellants") Joint Motion to Expedite Consideration of Pending Motion to Consolidate Appeals ("Joint Motion to Expedite Consideration").

## SUMMARY OF ARGUMENT

Appellants once again ask this Court to expedite their meritless appeals. Lacking any credible argument for expedition at this juncture in the proceedings, Appellants falsely assert that this Court has "already determined" that good cause exists, and they wrongly accuse this Court of undue delay in declining to expedite the appeals, all while refusing to acknowledge that their own sequencing decisions and repeated missteps resulted in the very posture of which they now complain. At this point, Appellants' *modus operandi* is clear. They will continue to deflect, cause unnecessary motion practice, and cast aspersions against any judicial officer who does not deliver their desired outcome.

1

Defendants-Appellees urge this Court to reject Appellants' latest bid and deny their Joint Motion to Expedite Consideration.[1]

## BACKGROUND

Appellants first sought to intervene in the closed criminal case brought by Jack Smith against President Trump, Mr. Nauta, and Mr. De Oliveira in the Southern District of Florida to cause the public release of Volume II of Smith's so-called "Final Report." *See* D. Ct. Docs. 717 & 721.[2] Those motions were denied on December 22, 2025, D. Ct. Doc. 760, and Appellants filed notices of appeal from the denial order on December 23, 2025, and December 29, 2025. D. Ct. Docs. 762 & 763.

On January 9, 2026, Appellant Knight Institute filed an opposed motion to expedite the Court's consideration of the First Appeal. First Appeal Doc. 10;

---

[1] Defendants-Appellees also respectfully maintain that the appeals should neither be consolidated nor placed on expedited schedule(s). *See, e.g.*, First Appeal Doc. 56 & Second Appeal Doc. 10. Indeed, the appeals should not move forward at all. *See* 11th Cir. R. 26.1-5(c).

[2] "D. Ct. Doc." citations refer to the District Court's docket in the underlying criminal case, *United States v. Trump*, No. 23 Cr. 80101 (S.D. Fla.). "First Appeal Doc." citations refer to the docket in *United States v. Knight First Amendment Inst. at Columbia Univ., et al.*, No. 25-14507 (11th Cir.) (the "First Appeal"). "Second Appeal Doc." citations refer to the docket in *United States v. Knight First Amendment Inst. at Columbia Univ., et al.*, No. 26-10674 (11th Cir.) (the "Second Appeal").

*see also* First Appeal Doc. 26 (Defendants-Appellees' response in opposition).[3] The Court ultimately "granted" Knight Institute's motion, but only to the extent that it directed Appellants to file *their* briefs on an expedited basis and directed that the appeal be placed on the "next available calendar with a vacancy." First Appeal Doc. 37 (declining to adopt Knight Institute's proposed briefing schedule and request for a special sitting). The First Appeal was subsequently calendared for the week of June 22, 2026. First Appeal Doc. 48.

Appellants filed their opening briefs in the First Appeal on February 9, 2026. First Appeal Docs. 38 & 39.[4] Appellants also contemporaneously filed a new joint motion in the District Court to intervene in the closed criminal case—this time for the purpose of seeking a "stay of all proceedings." D. Ct. Doc. 775 at 10.[5] The District Court denied Appellants' joint motion on February 23, 2026,

---

[3] Knight Institute filed its motion before even filing a certificate of interested persons ("CIP") in the First Appeal. *See* First Appeal Doc. 29 (notice of deficiency).

[4] Due to deficiencies identified by the Court, American Oversight filed a corrected brief on February 11, 2026. *See* First Appeal Docs. 40 & 41.

[5] Appellants did not, however, move for a stay of the District Court's December 22, 2025, order denying their first motions to intervene.

3

D. Ct. Doc. 780, and Appellants filed their respective notices of appeal from that order on March 2, 2026. D. Ct. Docs. 783 & 784.[6]

Appellants filed an opposed joint motion on March 5, 2026, to consolidate the distinct appeals and to obtain an expedited schedule for briefing and oral argument. Second Appeal Doc. 4; *see also* Second Appeal Doc. 10 (Defendants-Appellees' response in opposition).[7]    Appellants specifically requested an abbreviated schedule that would require briefing across both appeals to be completed within a matter of a few weeks, by April 15, 2026. Second Appeal Doc. 4 at 3.  That motion remains pending.

Because Appellants sought to consolidate the appeals after filing their opening briefs in the First Appeal, further briefing has necessarily been postponed by operation of Eleventh Circuit Rule 31-1(b). *See* Second Appeal Doc. 27.  The First Appeal has also been removed from the June 2026 calendar for reassignment at a later date. First Appeal Doc. 63.

---

[6] Knight Institute filed a corrected notice of appeal on April 14, 2026, following this Court's April 14, 2026, order on deficiency. Second Appeal Doc. 32 (deficiency order); D. Ct. Doc. 793 (corrected notice of appeal).

[7] Again, Appellants filed their motion before filing any CIP in the Second Appeal. *See* 11th Cir. R. 26.1-1 (requirement to file); 11th Cir. R. 26.1-5 (permitting dismissal of the case or appeal, no action being taken on filings, or other sanctions).

Appellants apparently either did not read this Circuit's rules or assumed they are immune from their consequences.  Yet Appellants now wrongly accuse the Court of undue delay, and urge the Court to expedite its consideration of the pending consolidation motion.  Appellants also once again request that the Court enter an unnecessarily truncated briefing schedule in the appeals and set the appeals for oral argument at the "earliest available calendar." Second Appeal Doc. 35 at 6-8.

## ARGUMENT

A party seeking to expedite consideration of a motion or appeal must demonstrate good cause for departing from ordinary procedure. 11th Cir. R. 27-1 I.O.P 3 ("[A]n appeal may be expedited only by the court upon motion and for good cause shown."); *see also* 28 U.S.C. § 1657(a) (priority of civil actions); 11th Cir. R. 34-4(f) (expediting appeals).  The moving party bears the burden of establishing good cause, and the Court retains broad discretion to determine whether expedition is warranted based upon the specific circumstances. *See* 11th Cir. R. 27-1 I.O.P 3; *cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (recognizing every court's inherent authority to control the disposition of its docket).  Here, Appellants clearly have not made a sufficient showing of good cause to warrant expedited consideration of their pending consolidation motion or the underlying appeals.  Appellants' motion should be denied.

### A. Appellants Have Not Demonstrated Good Cause

Contrary to Appellants' claims in their latest bid for expedition, "good cause" does not exist under 28 U.S.C. § 1657(a) and 11th Cir. R. 27-1 I.O.P. 3. Even if Appellants had a cognizable federal right within the meaning of 28 U.S.C. § 1657(a), which they do not, *see* First Appeal Doc. 26 at 4-6, they must also articulate a case-specific "factual context" demonstrating that their request for expedition has merit. *See Freedom Commc'ns v. FDIC*, 157 F.R.D. 485, 487 (C.D. Cal. 1994) ("The Text of subsection (a), notably the reference to a 'factual context', suggests that Congress contemplated case-by-case decision making. . . . The Act also directs the Court to determine if a request for expedited consideration has merit."); *see also Free Sacred Trinity Church v. IRS*, 2022 U.S. Dist. LEXIS 59251, at *10 (S.D. Cal. Mar. 30, 2022) ("[C]ourts have discretion to determine the need for expedited proceedings on a case-by-case basis.").

Here, Appellants' asserted "good cause" arguments rest largely on generalized claims to "*prompt adjudication* of access motions," not on any specific, imminent harm that will materialize absent expedited consideration, nor any other demonstrable need for urgency. Second Appeal Doc. 35 at 6 (emphasis in original). Without a particularized showing of irreparable harm or urgency, there is no basis to depart from the Court's ordinary procedures. *See, e.g., Keeping Gov't Beholden, Inc. v. DOJ*, 2017 U.S. Dist. LEXIS 198615, at *4

(D.D.C. Dec. 1, 2017) ("Plaintiff here has not made any similar showing of significant need, much less the kind of *urgent* need that could possibly justify this Court's application of section 1657(a) . . . ." (emphasis in original)); *see also McCarty v. Roos*, 2013 U.S. Dist. LEXIS 139358, at *4 (D. Nev. Sept. 27, 2013) (Even "[w]here a civil action falls within the Act *and merits rapid consideration*, it does not necessarily follow that it will be decided immediately. Instead, the Court generally follows the same course of litigation as in other cases but is mindful of the need to resolve the case expeditiously." (emphasis added)).

### B.    Appellants' Post-Brief Consolidation Request And Repeated Procedural Deficiencies Further Undermine Their Arguments

Appellants' request for expedited consideration must be evaluated in light of the posture that they created through their own procedural deficiencies and litigation choices.  Appellants have not once, but twice, sought expedited appeals without filing a CIP in the underlying appeal or in their motions. *See* First Appeal Docs. 10 & 29; Second Appeal Doc. 4.  This Court has provided Appellants ample opportunity to correct those and other deficiencies, including, most recently, by directing Appellant Knight Institute to correct its deficient (unsigned) Notice of Appeal filed with the District Court. *See* Second Appeal Doc. 32.

It is also Appellants, not this Court or Appellees, who triggered the suspension of briefing in their appeals.  Appellants sought consolidation of the

7

appeals only after filing their opening briefs in the First Appeal.[8]  That litigation decision necessarily altered the ordinary course of briefing and triggered the routine consequences that follow when consolidation is sought midstream.  *See* 11th Cir. R. 31-1(b) ("When a motion to consolidate appeals is filed or is pending after an appellant has served and filed a brief in any of the appeals which are the subject of such motion, the due date for filing appellee's brief *shall be postponed* until the court rules on such motion." (emphasis added)).

This Court's rules concerning postponement of briefing serve important and laudable goals.  Their purpose is to avoid wasted or duplicative briefing and to ensure that the responding parties (in this case, Appellees) know exactly what case they are briefing.  The Court's consolidation decision will impact not only whether there will be one combined or separate Appellee briefs, but also whether and how the record and implicated issues overlap on appeal.  Those implications are meaningful, and under no circumstance should Appellees be expected to

---

[8] Appellants' deflection that the schedule in the First Appeal "has now collapsed, not because of any action by Appellants but because of the procedural posture created by the district court's subsequent rulings, on February 23, 2026," is without merit.  Appellants did not file their joint (*i.e.*, third) motion to intervene in the closed criminal case until February 9, 2026—the same day they filed their opening briefs in the First Appeal—despite having notice since December 22, 2025, of potential further proceedings in the District Court. *See* D. Ct. Doc.  761 ("Nothing in this Order prohibits any former or current party to this action from moving for leave to intervene, if warranted, and/or from timely seeking appropriate relief before [the February 24, 2026] deadline.").

complete briefing on these issues within a matter of three weeks. *See* Second Appeal Doc. 35 at 7.

In short, Appellants' post-brief consolidation motion reflected a strategic effort to reframe their intervention appeals and accelerate the Court's calendar in a way that worked in their favor. That decision, particularly when combined with their repeated procedural deficiencies, should not be rewarded.

## C.    Any Prior Procedural Order Is Non-Binding And Context-Specific

Finally, Appellants' reliance on the Court's prior procedural order regarding expedition in the First Appeal is misplaced. *See* Second Appeal Doc. 35 at 5-6. The Court's earlier order was a case-management ruling by a motions judge in response to a different request and a different procedural posture. It does not bind the merits panel or otherwise create a presumption that expedited consideration should be granted in this instance.

A motions judge's authority to expedite appeals is inherently procedural and context specific. *See* 11th Cir. R. 27-1(d)(9). An expedited scheduling order addresses the circumstances presented at the time, and it does not confer an entitlement to expedited treatment in related litigation, or even in later phases of the same litigation, particularly where the procedural posture has changed in a material way.

Here, the posture has materially changed because Appellants sought consolidation after filing opening briefs in the First Appeal and have sought to truncate briefing across the distinct appeals arising from separate District Court orders. Nothing about the earlier scheduling order now requires the Court to ignore Appellants' procedural missteps, expedite consideration of their consolidation motion, or unjustly compress merits briefing and assignment to the earliest available calendar.

## CONCLUSION

For the foregoing reasons, Defendants-Appellees respectfully request that this Court deny Appellants' Joint Motion to Expedite Consideration.

Dated:    May 12, 2026

By: /s/ Kendra L. Wharton
Kendra Wharton
Fla. Bar No. 1048540
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com

*Counsel for Defendant-Appellee President Donald J. Trump*

10

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW,
Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com

*Counsel for Defendant-Appellee*
*Carlos De Oliveira*

/s/ Richard C. Klugh
Richard C. Klugh
Jenny Wilson
LAW OFFICE OF RICHARD C.
KLUGH
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
jenny@klughwilson.com

*Counsel for Defendant-Appellee Waltine*
*Nauta*

11

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPESTYLE REQUIREMENTS

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d), 32(a), and 32(g), that the foregoing response is proportionately spaced, has a typeface of 14 points, and contains 2,179 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

May 12, 2026

By:  /s/ Kendra L. Wharton
     Kendra L. Wharton

## CERTIFICATE OF SERVICE

I, Kendra L. Wharton, counsel for Defendant-Appellant President Donald J. Trump and a member of the Bar of this Court, certify that, on May 12, 2026, the attached response was filed through the Court's electronic filing system. I certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

May 12, 2026

By:  /s/ Kendra L. Wharton
Kendra L. Wharton

13