Nos. 25-14507, 26-10674

In the
United States Court of Appeals
for the Eleventh Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY AND AMERICAN OVERSIGHT,

Interested Parties-Appellants,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA,

Defendants-Appellees.

On Appeal from the United States District Court for the Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

# DEFENDANTS-APPELLEES' JOINT MOTION FOR CONTINUANCE OF ORAL ARGUMENT

Richard C. Klugh
KLUGH WILSON LLC
*Counsel for Defendant-Appellee Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
*Counsel for Defendant-Appellee Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee President Donald J. Trump*

**DEFENDANTS-APPELLEES' JOINT MOTION FOR CONTINUANCE OF ORAL ARGUMENT**

Pursuant to Federal Rules of Appellate Procedure 27 and 34(b) and Eleventh Circuit Rule 34-4(g), Defendants-Appellees President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through their undersigned counsel, respectfully move this Court to continue the oral argument presently scheduled for November 2, 2026, and to reset argument for a date convenient to the Court in or after January 2027—as previously scheduled. Good cause exists for the requested continuance, as counsel for Mr. Nauta and Mr. De Oliveira have independent, pre-existing conflicts with the newly scheduled date. Moreover, a continuance is necessary to afford counsel for President Trump sufficient time to confer adequately with President Trump, and complete the preparations for oral argument that counsel reasonably planned in reliance on the Court's prior argument dates. The requested continuance is reasonable, is sought in good faith, and will neither prejudice Appellants' rights nor materially delay the resolution of the consolidated appeals.[1] In support of this Motion, Defendants-Appellees state as follows:

[1] Pursuant to Eleventh Circuit Rule 27-1(a), the undersigned have conferred with counsel for each party to the appeals. Counsel for the United States do not oppose this Motion. Counsel for Appellants American Oversight and Knight Institute have indicated that they oppose the Motion, and counsel for Knight Institute further indicated that they intend to file a response promptly.

1. The consolidated appeals arise from Appellants American Oversight's and Knight First Amendment Institute at Columbia University's ("Knight Institute") efforts to intervene in the closed criminal case against President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira in the Southern District of Florida.[2]

2. On July 17, 2026, prior to the completion of briefing, oral argument was scheduled in the consolidated appeals for the week of November 2, 2026, in Atlanta, Georgia (ECF No. 107).[3]

3. Oral argument was subsequently rescheduled on August 6, 2026, for the week of November 16, 2026, in Jacksonville, Florida (ECF No. 119), only to be removed from the calendar on August 25, 2026.

4. Then, on September 14, 2026, the appeals were reassigned for oral argument—at which time they were scheduled for the week of January 11, 2027, in Birmingham, Alabama (ECF No. 121)—and on September 21, 2026, the appeals were assigned to the calendar for the week of January 18, 2027

---

[2] The consolidated appeals have a complex procedural history. Defendants-Appellees do not seek to retell that long history, but revisit only those matters which bear directly on the instant motion.

[3] Before the appeals were consolidated for briefings and merits disposition purposes on May 28, 2026 (ECF No. 68), oral argument was scheduled in the first intervention appeal for the week of June 22, 2026, in Jacksonville, Florida (ECF No. 44), the week of June 22, 2026, in Miami, Florida (ECF No. 48), and later the week of September 28, 2026, in Miami, Florida (ECF No. 69).

(ECF No. 122).

5. On September 30, 2026, oral argument was once again removed from the January 18, 2027, calendar in Birmingham, Alabama, and scheduled for a special hearing on November 2, 2026, at 2:00 p.m. EST in Atlanta, Georgia (ECF No. 124).

6. The Court's notice of calendaring, unlike the prior notices, set a specific date and time for argument, and did not direct counsel to notify the Clerk's Office of any insoluble scheduling conflicts that would interfere with argument on that date. *Id*. The notice further directs that counsel for each party must present oral argument on November 2, 2026, unless excused by the Court for good cause shown, and that any change in or addition to counsel requires leave of the Court. *See* 11th Cir. R. 34-4(e).

7. The newly scheduled oral argument date creates independent conflicts for the counsel of record representing two separate Appellees in the consolidated appeals, Mr. Nauta and Mr. De Oliveira.

8. Counsel of record for Mr. Nauta, Richard Klugh, is lead trial counsel in *United States v. Agresti*, No. 18-cr-80124, pending in the Southern District of Florida. Trial in that multi-count health care fraud matter is specially set to commence on October 19, 2026, and is presently expected to continue for multiple weeks through November 2, 2026.

9. Mr. Klugh also serves as counsel in a separate criminal matter pending in the Southern District of Florida, *United States v. Rivera*, No. 22-cr-20552, which is specially set for trial beginning on October 26, 2026. A continuance has been requested in that matter in light of the anticipated overlap with the *Agresti* trial and is expected to be addressed at a status conference on October 9, 2026. If continued, the *Rivera* trial may be reset to follow the conclusion of the *Agresti* trial—potentially extending Mr. Klugh's trial obligations well into November. Accordingly, Mr. Klugh has substantial and presently unresolved trial obligations surrounding the November 2, 2026, oral argument date.

10. Separately, counsel for Mr. De Oliveira, John Irving, has preexisting personal travel scheduled from October 31, 2026, through November 2, 2026. That travel was arranged before oral argument was scheduled for November 2, 2026, when no conflict existed, and is nonrefundable.

11. These conflicts arose as a consequence of the most recent change in the oral argument schedule and could not reasonably have been anticipated when arranging counsels' schedules.

12. Further, and vitally, counsel for President Trump, Kendra Wharton, requires time to adequately confer with President Trump in

preparation for oral argument. Given President Trump's extensive commitments, including travel and other obligations in advance of the November 3, 2026, federal midterm elections, counsel will not have sufficient opportunity to meaningfully confer with her client while preparing for oral argument on the currently scheduled November 2, 2026, argument date. *See, e.g.*, Peter Nicholas, *White House Plans Travel for Trump in At Least 17 States Ahead of the Midterms*, NBC NEWS (Oct. 1, 2026), https://www.nbcnews.com/politics/2026-election/white-house-travel-trump-17-states-midterms-rcna600978; Steve Holland, *Trump Says He is Embarking on 32 Days of Campaign Travel Before November Elections*, REUTERS (Sept. 29, 2026), https://www.reuters.com/world/us/trump-says-he-is-embarking-32-days-campaign-travel-before-november-elections-2026-09-29/.

13. Defendants-Appellees recognize that Eleventh Circuit Rule 34-4(g) and I.O.P. 3(e) provide that motions for continuance of oral argument are generally disfavored, and an engagement in another court will not ordinarily, standing alone, constitute good cause to continue oral argument. Here, however, the circumstances are not limited to a routine scheduling conflict with another proceeding. Separate counsel representing two separate Appellees have independent conflicts with the newly established argument date, neither of which existed under the Court's prior schedules. The affected attorneys are

the only counsel of record for their respective Appellees, represented their clients in connection with the underlying proceedings before the District Court, and have detailed familiarity with the facts and procedural history giving rise to these appeals. Their participation at oral argument is therefore imperative to the effective presentation of their clients' positions, and substitution of other counsel by leave of this Court would not provide a practical means of avoiding the scheduling conflicts. That is particularly so with respect to the trial conflict, which involves counsel who are expected to be actively engaged in one or more trials at the exact time this matter is now scheduled for argument.

14. The inability for Ms. Wharton to meaningfully confer with President Trump in advance of oral argument further supports the requested continuance. Had counsel anticipated that oral argument would occur on November 2, 2026, those consultations and related preparations would have been scheduled accordingly. But the consolidated appeals were removed from the November 16, 2026, oral argument calendar on August 25, 2026, and were subsequently placed on the January 11, 2027, calendar on September 14, 2026, and the January 18, 2027, calendar on September 21, 2026. In light of that scheduling history, counsel and President Trump reasonably planned for the necessary pre-argument consultations and preparations to occur after the November 3, 2026, midterm elections, and still well in advance of the January

18, 2027, argument date. Under these circumstances, a brief continuance would simply preserve the preparation period counsel reasonably understood the Court's previous scheduling orders to provide.

15. Defendants-Appellees have brought these conflicts to the Court's attention in good faith, as promptly as reasonably possible, and seek an adjustment of the argument date to permit their respective counsel to appear and for President Trump to meaningfully confer with his counsel in advance of oral argument.

16. No party will be prejudiced by the requested continuance, as evidenced by the Court's prior decision to set oral argument for the week of January 11, 2027, and later for the week of January 18, 2027, and a continuance will not affect any other time-sensitive proceeding or relief at issue in this appeal.

Wherefore, Defendants-Appellees hereby respectfully request that this Court continue the oral argument presently scheduled for November 2, 2026, and reset oral argument for a date convenient to the Court and counsel in or after January 2027, as previously scheduled.

Dated: October 5, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Defendant-Appellee*
*President Donald J. Trump*

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW,
Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Defendant-Appellee*
*Carlos De Oliveira*

/s/ Richard C. Klugh
Richard C. Klugh
KLUGH WILSON LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
*Counsel for Defendant-Appellee*
*Waltine Nauta*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPESTYLE REQUIREMENTS**

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d)(1)(E), 27(d)(2)(A), 32(a)(5)-(6), and 32(g), that the foregoing motion is proportionately spaced, has a typeface of 14 points, and contains 1,479 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

October 5, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton

## CERTIFICATE OF SERVICE

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify that, on October 5, 2026, the attached motion was filed through the Court's electronic filing system. I certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

October 5, 2026

By: /s/ Kendra L. Wharton
Kendra L. Wharton