**Nos. 25-14507, 26-10674**

---

**In the United States Court of Appeals**
**for the Eleventh Circuit**

---

UNITED STATES OF AMERICA, *Plaintiff-Appellee*,

v.

KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY and AMERICAN OVERSIGHT,

*Interested Parties–Appellants*,

DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA

*Defendants–Appellees*.

---

On Appeal from the United States District Court for the Southern District of Florida, No. 23-cr-80101 (Cannon, J.)

---

# APPELLANTS' JOINT OPPOSITION TO DEFENDANTS–APPELLEES' JOINT MOTION FOR CONTINUANCE OF ORAL ARGUMENT

---

Loree Stark
Elizabeth Haddix
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
(305) 728-0950

*Counsel for Appellant American Oversight*

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Appellant Knight First Amendment Institute at Columbia University*

Interested Parties–Appellants Knight First Amendment Institute at Columbia University ("Knight Institute") and American Oversight (together "Appellants") respectfully oppose Defendants–Appellees' Joint Motion for Continuance of Oral Argument.[1] Defendants–Appellees have not shown good cause to delay argument. This consolidated appeal concerns statutory, constitutional, and common law rights of access to Volume II of Special Counsel Jack Smith's final report, a document of singular public importance that has been withheld from the public since January 2025. The Court has already recognized the "undue delay" in the district court's adjudication of Appellants' motions to intervene,[2] and it recognized the urgency of this appeal when it granted the Knight Institute's motion to expedite briefing and oral argument. ECF No. 37.

In support of their motion for a continuance, Defendants–Appellees argue that Mr. Nauta's attorney has a trial engagement in another court, Mr. De Oliveira's

[1] The appeals of the district court's December 22, 2025 order denying intervention are docketed as case No. 25-14507. The appeals of the district court's February 23, 2026 order denying intervention are docketed as case No. 26-10674. "ECF" citations refer to the docket in case No. 25-14507. "Dkt." citations refer to the district court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.). "Mot." citations refer to Defendants–Appellees' Joint Motion for Continuance of Oral Argument, filed October 5, 2026.

[2] *In re Knight First Amend. Inst. at Columbia Univ.*, No. 25-13403, ECF No. 11 (11th Cir. Nov. 3, 2025); *In re Am. Oversight*, No. 25-13400, ECF No. 11 (11th Cir. Nov. 3, 2025).

attorney has a three-day personal trip, and Mr. Trump's attorney needs more time to confer with her client. Under this Court's rules, an engagement in another court usually is not good cause for a continuance, and the other two grounds are weaker still. Furthermore, there is no indication that Defendants–Appellees have "ma[d]e all reasonable efforts to adjust conflicts in their schedule which will permit them to attend oral argument as scheduled." 11th Cir. R. 34, I.O.P. 3(e). Finally, time is of the essence in this appeal. Appellants seek public access to a document of singular historic importance—one that concerns the character of the nation's highest elected official—and this Court has already recognized the urgency of the relief they seek. That fact should weigh heavily against Appellees' request for further delay.

Oral argument should proceed as scheduled on November 2, 2026 at 2:00 p.m.

## BACKGROUND

These consolidated appeals arise from two district court orders denying Appellants' motions to intervene to assert statutory, common law, and First Amendment rights of access to Volume II of Special Counsel Jack Smith's final report. Appellants first moved to intervene in February 2025, seeking rescission of the district court's January 21, 2025 injunction barring the Department of Justice from releasing Volume II. Dkt. 717, 721. The Knight Institute also asserted a common law and First Amendment right of access to Volume II. Dkt. 721. The

district court did not decide those motions until December 22, 2025, Dkt. 760, and only after this Court found "undue delay" in their adjudication, *see supra* note 2.

Appellants promptly appealed, and the Knight Institute moved to expedite briefing and oral argument in its appeal. ECF Nos. 1, 2, 10. The Court granted that motion, ECF No. 37, and tentatively scheduled oral argument for the week of June 22, 2026. ECF Nos. 44, 48. While that appeal was pending, Defendants–Appellees filed motions in the district court seeking the permanent suppression of Volume II. Dkt. 772–774. Appellants again moved to intervene, this time seeking a stay of proceedings pending appeal. Dkt. 775. The district court denied intervention and permanently enjoined DOJ from releasing Volume II. Appellants promptly appealed and moved to consolidate. Dkt. 779, 780, 783, 784; ECF No. 55. The Court consolidated the appeals on May 28, 2026, ECF No. 68, and briefing was completed on July 27, 2026, ECF Nos. 110, 111.

After consolidation, oral argument was tentatively calendared several times. On July 17, 2026, argument was tentatively scheduled for the week of November 2, 2026, in Atlanta. ECF No. 107. On August 6, the Court reassigned the appeals to a tentative calendar for the week of November 16, 2026, in Jacksonville, ECF No. 119, and on August 25, the Court removed the appeals from that calendar, ECF No. 120. On September 14, the Court assigned the appeals to a tentative calendar for the week of January 11, 2027, in Birmingham, and on September 21 it changed that

assignment to a tentative calendar for the week of January 18, also in Birmingham. ECF Nos. 121, 122.

On September 30, 2026, the Court scheduled this case for oral argument on Monday, November 2, 2026, at 2:00 p.m., in Atlanta. ECF Nos. 123, 124. As Defendants–Appellees acknowledge, that notice, unlike the earlier assignments to tentative calendars, set a specific date and time. Mot. at 3.

Defendants–Appellees moved for a continuance on October 5, 2026. Mot. at 1. They state that counsel for Mr. Nauta is lead trial counsel in a criminal trial set to begin in the Southern District of Florida on October 19 and "presently expected to continue for multiple weeks through November 2," and is counsel in a second criminal trial set for October 26 in which a continuance has been requested to avoid a conflict with the first trial. *Id.* at 3–4. They state that counsel for Mr. De Oliveira has personal travel scheduled from October 31 through November 2. *Id.* at 4. And they state that counsel for President Trump needs more time to confer with her client. *Id.* at 4–5, 6–7. The United States does not oppose the motion. *Id.* at 1 n.1.

**ARGUMENT**

After an appeal has been set for hearing, it may be continued "only by an order of the court on good cause shown," and "[u]sually the engagement of counsel in other courts will not be considered good cause." 11th Cir. R. 34-4(g). This Court's procedures add that "[m]otions for continuance are disfavored in recognition of the

difficulty in scheduling panels and the commitment of the court to dispose of appeals as promptly as possible," and that "[c]ounsel are expected to make all reasonable efforts to adjust conflicts in their schedule which will permit them to attend oral argument as scheduled." 11th Cir. R. 34, I.O.P. 3(e).

Defendants–Appellees have not shown good cause.

## I. Counsel's Scheduling Conflicts Are Not Good Cause.

Mr. Nauta's counsel has a trial in another court. That is the circumstance Rule 34-4(g) addresses expressly, and the rule says it usually is not good cause. Defendants–Appellees argue that this case is different because two attorneys, not one, have conflicts. Mot. at 5–6. But the second conflict is a three-day personal trip. Adding a weak ground to an insufficient one does not produce good cause.

The trial conflict is also less certain, and less new, than the motion suggests. The trial date in *United States v. Agresti* was set in April 2026. Order Continuing Trial at 1, *United States v. Agresti*, No. 18-cr-80124 (S.D. Fla. Apr. 28, 2026), Dkt. 658. The district court set that case for trial "during the two-week trial period beginning on Monday, October 19, 2026." *Id.* That period ends on October 30. The motion says the trial is "presently expected to continue for multiple weeks through November 2, 2026," but it gives no basis for that expectation. Mot. at 3. In any event, the trial date has been in place since April 2026. If it conflicts with a November 2 argument, the same conflict existed on July 17, when argument was tentatively

scheduled for the week of November 2. The motion is therefore incorrect in saying that neither counsel's conflict "existed under the Court's prior schedules." Mot. at 5. And the motion does not say that Mr. Nauta's counsel has asked the trial court for any accommodation that would allow him to attend a 2:00 p.m. argument on November 2. *See* 11th Cir. R. 34, I.O.P. 3(e).

Mr. De Oliveira's counsel cites personal travel from October 31 through November 2. Mot. at 4. Appellants do not minimize the inconvenience. But personal travel is not good cause to postpone a specially set argument in an expedited appeal, especially in a case of such extraordinary public importance. The motion does not say whether counsel has made any effort to adjust that travel so that he can attend oral argument on November 2. *See* 11th Cir. R. 34, I.O.P. 3(e).

Nor can Defendants–Appellees claim reliance on a January argument date. *See* Mot. at 1, 4, 6–7. The January assignment was tentative, and it stood for sixteen days, from September 14 to September 30. ECF Nos. 121, 123. For more than five weeks before August 25, argument had been tentatively scheduled for November. Counsel in an expedited appeal with completed briefing had no reasonable basis to treat a tentative January assignment as fixed.

## II. Additional Time to Confer with President Trump Is Not Good Cause.

Counsel for President Trump does not claim a scheduling conflict of her own. She states that she needs more time to confer with her client, whose schedule before

the November 3 elections is crowded. Mot. at 4–5, 6–7. That is not good cause. Defendants–Appellees' positions are set out in the joint brief they filed on July 13, 2026, ECF No. 93, and argument is confined to the issues and record already before the Court. The motion does not identify any decision that remains to be made with the client, or explain why the necessary consultation cannot occur in the four weeks that remain.

The timing is also no surprise. The motion says that "[h]ad counsel anticipated that oral argument would occur on November 2, 2026, those consultations and related preparations would have been scheduled accordingly." Mot. at 6. But counsel had every reason to anticipate a November argument. From July 17 to August 25, argument was tentatively scheduled first for the week of November 2 and then for the week of November 16. For more than five weeks, then, counsel necessarily expected to prepare, and to confer with her client, in October and early November. When the Court removed the appeals from the November 16 calendar, it said only that they would be reassigned. ECF No. 120. The motion says that counsel then "planned for" those consultations "to occur after the November 3, 2026, midterm elections," Mot. at 6, but that plan rested on a tentative January assignment that lasted for sixteen days.

## III. A Continuance Would Prejudice Appellants and Defeat the Expedition the Court Ordered.

Defendants–Appellees assert that "[n]o party will be prejudiced by the requested continuance." Mot. at 7. That is incorrect. Volume II has been withheld from the public since January 2025. Appellants moved to intervene in February 2025, and this Court has already found undue delay in the district court's adjudication of those motions. *See supra* note 2. The question in these appeals is whether the public may see the report, and every further delay extends the withholding that Appellants contend is unlawful. The Court properly expedited appeal No. 25-14507, ECF No. 37, and a continuance would undermine that expedition.

## IV. Any Genuine Conflict Can Be Accommodated Without Moving the Argument.

Even if counsel for Mr. Nauta or Mr. De Oliveira cannot appear on November 2, the Court need not move the argument. Defendants–Appellees filed a single joint response brief. ECF No. 93. Counsel for President Trump, who filed that brief and the present motion, has no scheduling conflict on November 2 and can present argument for Defendants–Appellees. The Court's notice itself contemplates that counsel may be "excused by the Court for good cause shown." Mot. at 3. The Court could excuse either attorney from appearing, or grant leave for other counsel to appear in his place, *see* 11th Cir. R. 34-4(e), without delaying these appeals.

Defendants–Appellees contend that substitution is impractical because counsel for Mr. Nauta and Mr. De Oliveira are the only counsel of record for their clients and are familiar with the district court proceedings. Mot. at 5–6. But these appeals present legal questions that Defendants–Appellees briefed jointly, and the motion identifies no position of Mr. Nauta or Mr. De Oliveira that differs from President Trump's. Nor does the motion say that no other attorney at either counsel's firm could appear, and the nearly four weeks that remain leave ample time for substitute counsel to prepare.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court deny Defendants–Appellees' Joint Motion for Continuance of Oral Argument.

October 6, 2026

Respectfully submitted,

/s/ *Loree Stark*
Loree Stark
Elizabeth Haddix
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

/s/ *Scott Wilkens*
Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134

(305) 728-0950
bllanes@gsgpa.com

*Counsel for Appellant American Oversight*

(305) 964-8003
david@bucknermiles.com

*Counsel for Appellant Knight First Amendment Institute at Columbia University*

**CERTIFICATE OF COMPLIANCE**

This opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 2,110 words. This opposition also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: October 6, 2026

*<u>/s/ Scott Wilkens</u>*
Scott Wilkens

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I electronically filed the foregoing opposition with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: October 6, 2026

*/s/ Scott Wilkens*
Scott Wilkens